JESUP *et al.*, trustees, *vs.* EPPING.

In seeking to foreclose a mortgage which on its face appears to be barred by the statute of limitations, where it is sought to avoid the bar by reason of a new promise or partial payment, such relieving facts must be alleged with sufficient certainty to enable the defendant to meet the same by plea as well as proof. A general averment that the mortgagor, within the time prescribed by the statute, has made his promise in writing by letters addressed to the mortgagees, and the assignees of the mortgage, and by payments and releases on the mortgage evidenced by the handwriting of the mortgagor, and has relieved it of the bar, is not sufficient.

Mortgage. Statute of Limitations. New Promise. Contracts. Pleadings. Before Judge MERSHON. Wayne Superior Court. September Term, 1880.

Reported in the decision.

GOODYEAR; HARRIS & KAY, by brief, for plaintiffs in error.

IRA E. SMITH; MABRY & CROVATT, by brief, for defendant.

SPEER, Justice.

Plaintiffs in error, as trustees of Gilpecke Herman & Riecheldt, sued out a rule *nisi* to foreclose a mortgage on realty to secure a debt upon open account, made in 1858, for $79,084.25, filing their proceedings before the twenty years statute of limitations had run from the maturity of debt. The petition was in usual form and with usual prayer of foreclosure. To avoid the statute of limitations passed in 1869 plaintiffs amended their petitions as follows:

"Petitioner amends his petition on the 28th line of the 4th page by adding there the words: And your petitioner further shows that the said Carl Epping, mortgagor, after July, 1865, made his promise in writing both by letters written and signed by the said Epping, and by payments and releases of certain portions of the mortgage

property in said petition described, said letters addressed both to the original mortgagees and assignees herein described, and said payments and releases being evidenced also in writing under the handwriting of the said Carl Epping, mortgagor,—which amendment was allowed by the court."

In seeking to foreclose a mortgage which on its face appears to be barred by the statute of limitations, and where the petitioner, to avoid the bar, avers a new promise in writing, it would devolve upon him to aver and set forth in his petition such new promise, either by copying the same or make such averments as to its tenor and legal effect as would enable the defendant to meet the same by plea as well as proof. 9 *Ga.* 422. So if the bar of the statute is sought to be avoided by "payments upon said written evidence of debt," or any "other written acknowledge. ment of the existing liability," like averments would be necessary. The court held in *Martin vs. Broach*, 6 *Ga.*, 21, that where the original cause of action was barred, and the party relied on a subsequent promise, that the new promise, and not the old debt, was the cause of action, that the latter was only the inducement to and consideration for the new promise. 12 *Ga.*, 617.

While such new promise does not create a new liability, but simply revives or extends the original one, yet as the same, to be binding, must be in writing, we hold that it is necessary to set forth such new promise, at least according to its legal tenor and effect, with some certainty.

A rule *nisi* having been granted on the petition, the defendant, in addition to filing various pleas to said suit of foreclosure, demurred to the amendment and the rule *nisi* as amended on the ground "that the new promise was not set out with sufficient particularity to authorize proof to support it; that it was not sufficient to say generally that the promise was by letter, or by part payment and written acknowledgement, but that such promise must be particularly set out to authorize proof of it."

The court sustained said demurrer and dismissed said petition, whereupon plaintiff excepted.

Section 3962 of the Code, on the subject of forclosure of mortgages on realty, provides: "Any person applying and entitled to foreclose such mortgagor shall, by himself or his attorney, petition to the Superior Court of the county wherein the mortgaged property. may be, which petition *shall contain a statement of the case,* the amount of the petitioner's demands and a description of the property mortgaged."

A reasonable construction of this section of the Code would be that the petitioner should set forth "such a statement of the case," by averments, as would enable the defendant intelligently to plead to the same in pleading as well as to set forth the original liability, that the court may be able to determine, *by the pleadings,* whether the same revives the original liability, if established as true. Any failure to do this would subject the writ or petition to demurrer.

As the petitioners in this cause have failed to set forth this new promise in writing, either by copy or as to its legal effect, without deciding the other questions in the record, we see no error in the judgment of the court sustaining the demurrer and dismissing the petition to foreclose.

Let the judgment of the court below be affirmed.