## PAILLE *v.* PLANT.

A debt barred by the statute of limitation will not be revived by a promise in writing which does not plainly and unmistakably refer to the debt in question.

Argued October 9, — Decided November 9, 1899.

Certiorari. Before Judge Janes. Polk superior court. February term, 1899.

*F. A. Erwin,* for plaintiff in error.
*William Janes* and *Joseph A. Blance,* contra.

SIMMONS, C. J. In the year 1897 A. & J. Plant brought suit in a justice's court, upon an open account against Paille. The account was dated May 17, 1884, and was due four months after date. Paille filed a plea of the statute of limitations, alleging that more than four years had elapsed between the time the account became due and the time when suit was instituted thereon. To meet this plea and to show a new promise in writing, the plaintiffs introduced in evidence two letters written them by Paille. The first of these was dated in October, 1896, and stated: "You have presented a claim for $42.50. I do not remember of having any business with you. If you have a claim against me, you certainly can collect it by prov-

ing that I owe it. I am perfectly solvent. Please enlighten me in regard to this matter." The other was dated Nov. 3, 1896, and contained nothing which could possibly connect it with the account of the plaintiffs, except the opening sentence: "Your statement to hand and correct." The plaintiffs testified by interrogatories, that the account was due and unpaid, that the reason suit had not been earlier brought on the account was that Paille had absconded, and that as soon as they ascertained his whereabouts they put the account into the hands of an attorney for collection. On the trial of the case the justice found in favor of the defendant. The plaintiffs, being dissatisfied with that judgment, carried the case by certiorari to the superior court, where the judgment of the justice was reversed and a new trial granted, instructions being given the court that the debt had been revived by the acknowledgment contained in the two letters introduced in evidence. Paille excepted to this judgment, and brought the case by bill of exceptions to this court for review.

We think the exception of the plaintiff in error is well taken. In order to revive a promise barred by the statute of limitations by a new promise in writing, as required by our code, the new promise must so plainly and clearly refer to or describe the original promise in question as to identify it with reasonable certainty. Neither of the letters here relied upon as constituting a new promise described the account so as in any manner to identify it. Indeed, the first letter seems to refer to another and different account, the account referred to being one for $43.50 and that sued on being for but $23.48. Nor did the letter contain any promise to pay the account sued on, or any other account which the plaintiffs held against the defendant. It was rather a denial of indebtedness than a promise to pay. The other letter acknowledges the correctness of some statement, but without any definite promise to pay it, and without disclosing what statement or account is referred to. Whether the writer acknowledged the correctness of the account sued on, or of the account mentioned in his former letter, or of some other and entirely different account, does not appear. It is true the plaintiffs, in their interroga-

tories, testify that the account sued on was the only bill of goods they had ever sold to defendant, but this testimony does not connect the account sued on with that mentioned in the second letter. It may be true, and doubtless was, that the account sued was the only one ever made with the plaintiffs by the defendant, but still it does not appear that the letter referred to this particular account. There is no evidence that the account sued on was ever in fact sent to the defendant, and the letter certainly does not "so plainly and clearly refer to or describe the very [account] in question as to identify it with reasonable certainty." *Gartrell* v. *Linn*, 79 *Ga.* 700, and cases cited. In the brief of counsel for the defendant in error it was argued that the judgment was right, because the evidence showed that the debtor had absconded from the place where the contract was made. It is asserted in the brief that the debt was contracted in Ohio, and that the defendant absconded and removed to Georgia; but there is nothing in the record to show this. The record does not show whether the debtor, at the time of contracting the debt, resided in this State or in some other. Nor does the evidence show how long the debtor had been absent before his new place of residence was discovered. If the account was made in this State, and the defendant, though he changed his place of residence, did not remove beyond the limits of the State, the statute of limitations did not cease to run. Under the code a change of residence works a suspension of the statute only where the removal is beyond the limits of the State.

*Judgment reversed. All the Justices concurring.*