## KIRVEN & COMPANY v. THORNTON.

SIMMONS, C. J.  1. A written acknowledgment of indebtedness, which does not specify or plainly refer to the particular demand or cause of action to be renewed or created by it, is not sufficient to take the case out of the statute of limitations where the contract or cause of action sued on is barred.  *Gartrell* v. *Linn*, 79 *Ga.* 700, and cases there cited; *Paille* v. *Plant*, 109 *Ga.* 247.

2. Whether there were mutual accounts or dealings between the parties so as to relieve the bar of the statute was a question of fact for the jury.  This question having been submitted to the jury, and they having found against the contention of the plaintiff, and no error being assigned on the charge of the judge, and the evidence authorizing the verdict, this court will not interfere with his discretion in refusing a new trial.  *Gunn* v. *Gunn*, 74 *Ga.* 555.

Judgment affirmed.  All the Justices concurring.

Argued October 31,—Decided November 29, 1899.

Complaint.  Before Judge Willis.  City court of Columbus. July term, 1899.

*Hatcher & Carson,* for plaintiffs.
*J. H. Worrill,* for defendant.

---

## MARTIN v. WILLIAMS.

LUMPKIN, P. J.  This case, upon its facts, is controlled by the principles laid down in *Whitehead* v. *Patterson*, 88 *Ga.* 748, and *Everett* v. *Westmoreland.* 92 *Ga.* 670.

Judgment affirmed.  All the Justices concurring.

Argued November 1.—Decided November 29, 1899.

Certiorari.  Before Judge Butt.  Muscogee superior court. May term, 1899.

*Blandford & Grimes,* for plaintiff.
*Cameron & Hargett,* for defendant.