## WILLIS *et al. v.* SUTTON, guardian.

1. A judgment striking exceptions filed to an auditor's report as exceptions of law, upon the ground that they were exceptions of fact, will not, even if erroneous, be reversed, when it appears that the exceptions, even if treated as exceptions of law, were without merit.

2. When a partnership is dissolved by the death of one of the partners, the statute of limitations will begin to run in favor of the estate of the deceased partner, certainly after the expiration of twelve months from the date of the grant of administration upon the estate, as to all demands which the surviving partner may have against the estate, growing out of transactions occurring during the existence of the partnership.

3. When an action is brought upon an administrator's bond, and the administrator files a plea setting up that there was existing, at the time of the death of the intestate, a partnership between him and the defendant, and seeking to discharge himself as administrator from liability on account of demands which he has as surviving partner against the estate of the deceased partner, the plaintiff may reply, to the claim so set up, that the items thereof are barred by the statute of limitations, without filing a written pleading to that effect, when there is no order requiring such reply to be in writing.

4. Even if an administrator who has permitted a claim which he had against his intestate to become barred pending his administration may waive, in favor of himself, the right to plead the statute of limitations against the claim, and, in pursuance of this waiver, retain the amount due him from the assets of the estate, slight circumstances will be sufficient to overcome the presumption that his return setting up such retainer is correct and that the claim against the estate was a just one, where there has been no return setting up the exercise of the right of retainer until long after the statutory period of limitations has expired; and especially would this be true where the return exercising the right of retainer is made pending a suit against the administrator for an accounting.

5. Applying the principles above laid down to the facts of the present case, there is nothing in the assignments of error requiring a reversal of the judgment.

Submitted June 26, — Decided August 9, 1902.

Exceptions to auditor's report. Before Judge Butt. Talbot superior court. September 11, 1901.

*Persons & McGehee,* for plaintiffs in error.
*A. J. Perryman* and *H. W. Hill,* contra.

COBB, J. This was an action upon an administrator's bond, brought by a guardian whose ward was the grandchild of the defendant's intestate. The defendant sought to relieve himself from liability, by showing that there was a partnership existing between his intestate and himself at the date of the former's death, and that he was entitled to credit, as against the claim of the plaintiff, for certain items growing out of the conduct of this partnership business and an agreement which had been entered into between the heirs of the intestate and himself; the mother of the plaintiff's ward being one of the parties to this agreement. The case was referred to an auditor; and after certain exceptions, which had been filed as exceptions of law to his report, were stricken, the exceptions of fact were submitted to a jury, who found against all such exceptions. The court entered a judgment in favor of the plaintiff for the amount specified in the auditor's report. The case is here upon a bill of exceptions assigning error upon different rulings made at the trial. All of the questions made in the record are, we think, ruled in the headnotes, and we do not deem it necessary or advisable to go further into the details of this somewhat complicated record. If any error was committed by the trial judge, it was not of such a character as to require a reversal of the judgment. From an inspection of the record we are satisfied that the auditor reached the right result. He did not assign as reasons for his conclusion some of the principles laid down in the foregoing headnotes, but these may be taken simply as reasons additional to those which he did assign for his findings.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*