## PENDLEY v. POWERS *et al.*

1. Where an equitable petition was filed by creditors of a decedent against his administrator and others, showing that the estate was insolvent, that there were complications and conflicting claimants, and that it was necessary to appoint a receiver, have an accounting taken, and administer the estate through a court of equity; and where a receiver was appointed and the case was referred to an auditor for an accounting and report, each of the creditors who was a party claiming payment from the assets of the insolvent estate was interested in preventing them from being diminished and consequent loss accruing to him by the payment of a claim barred by the statute of limitations.

2. Under the circumstances above recited, the general rule, that the right to set up the defense of the statute of limitations is a personal privilege, did not prevent other creditors from contesting the claim of one who was seeking to obtain judgment and payment of a note barred by the statute of limitations.

3. Where the creditor who held such a note was made a party defendant, and in his answer set out the note which he sought to have paid, and which appeared on its face to be barred by the statute of limitations, but the creditor alleged that the claim was relieved from the bar by reason of certain acknowledgments or new promises, on the hearing before the auditor it was not necessary for the other creditors, in order to contest such claim, to file a plea setting up the statute of limitations.

4. Under the evidence the finding of the auditor, approved by the presiding judge, to the effect that the note was barred, was not without support, and will not necessitate a reversal.

Argued April 19,—Decided August 12, 1907.

Exceptions to auditor's report. Before Judge Fite. Bartow superior court. August 4, 1906.

*James B. Conyers,* for plaintiff in error.

*Thomas W. Milner & Sons, John W. & Paul F. Akin, J. M. Moon, T. C. Milner,* and *John T. Norris,* contra.

LUMPKIN, J.  Pendley had a promissory note against Harris, deceased.  On its face it appeared to be barred by the statute of limitations.  Under a bill to wind up the administration, a receiver was appointed; and Pendley, who was one of the defendants, in his answer set up that he was entitled to a judgment and to share in the distribution.  He sought to avoid the effect of the bar of the statute, by reason of certain acknowledgments which he claimed to exist from the receipts, entries, and a memorandum, which claim was set forth in his pleading.  The auditor to whom the case was referred held that the note was barred by the statute of limitations.  On exception the judge of the superior court sustained this finding, and this is the error assigned.  Three questions arise in this case: (1) Was the right to set up the defense of the statute of limitations a personal privilege which was confined to the administrator of the deceased maker of the note, or could it be set up by another creditor of the insolvent estate? (2) Was it necessary for the plaintiffs, who brought the petition under which the receiver was appointed and the reference to the auditor had, to file a regular plea setting up the bar of the statute of limitations, or could they, when Pendley sought to relieve the note from the effect of the statute by allegation and proof as to acknowledgments or new promises, contest the question of whether such relief had been effected, in connection with the determination of the debts against the estate and their legal priority? (3) Under the evidence was the finding of the auditor, approved by the presiding judge, that the note was barred, erroneous?

1, 2. It is well recognized as a general rule that the right to plead the statute of limitations to a suit is a personal privilege. A plea is the ordinary mode of setting up the defense.  In some jurisdictions although the note or cause of action sued on may appear on the face of the plaintiff's pleading to be barred by the statute of limitations, this is not a good ground for demurrer; and it has there been held that the defense should be set up by plea; and if this is done, a claim that the bar has not attached, by reason of a new promise, is then a matter of replication.  In Georgia the practice of filing a replication by the plaintiff has been

abolished. He sets out his cause of action; the defendant answers; and this makes the issue, without replication. From this difference in practice doubtless have arisen certain differences in rulings. In this State, if the petition of the plaintiff shows on its face that the cause of action is barred by the statute of limitations, advantage may be taken of it by demurrer. *Lang* v. *Camp,* 113 *Ga.* 1011, 39 S. E. 474; 9 Michie's Dig. 88. If the plaintiff desires to show that he is within any exception to the statute, it is incumbent on him to state it in his petition. This has long been held in equity causes. *Worthy* v. *Johnson,* 8 *Ga.* 236 (12). And under our present system of pleading, it is equally true in common-law cases. *Martin* v. *Broach,* 6 *Ga.* 21 (6), 50 Am. Dec. 306; *Jesup* v. *Epping,* 66 *Ga.* 334. But the new promise may be added by amendment to the petition. *Shumate* v. *Ryan,* 127 *Ga.* 118, 56 S. E. 103. The present case is within the equitable jurisdiction of the court.

Without discussing at present the mode of procedure, the rule that the right to set up the defense of the statute of limitations is a personal privilege is not to be limited to a narrow and literal construction; or if so, it is not without exceptions. An administrator or executor may plead the statute of limitations as to a liability of the decedent; a transferee may set up the defense when it is sought to subject the property transferred to him; and other instances might be cited. Where an insolvent estate has been placed in the hands of a receiver for administration and distribution, each creditor is interested to see that only existing claims against the deceased share in the distribution. The administrator, who is no longer in possession or control of the estate, which has been taken in charge by the court, can not be allowed to favor one creditor and prejudice another by pleading the statute of limitations as to some claims and not as to others, and denying to the interested creditors the right to make the defense, on the ground that it is a personal privilege. It may sometimes be his duty on behalf of the estate to raise the point; but if he does not do so, creditors may avail themselves of the statute as to their claims. It has been said that a creditor who comes in under the original bill can not attack the claim on which it was founded as barred. But that question is not involved here. The rule as to usury is similar. The plea is a personal privilege, but creditors of an in-

solvent estate may set it up against other creditors who seek to lessen the common fund by claiming usury. *Pope* v. *Solomons,* 36 *Ga.* 545; *Stone* v. *Ga. Loan Co.,* 107 *Ga.* 524, 530, 33 S. E. 861.

In Shewen *v.* Vanderhorst, 1 Russ. & Myl. 347, it was held that, "under the common decree in an administration suit," where the executors refused to set up the bar of the statute of limitations to a debt, a residuary legatee could do so. It was said that "it was competent for the plaintiff, or any other party interested in the fund, to take advantage of the statute before the master, notwithstanding the refusal of the executors." "The common decree," or, as it is also referred to in some cases, "the usual decree," in a creditor's bill against an executor or administrator was (to use the common Latin expression) quod computet; that is to say, it directed the master to take the accounts between the deceased and his creditors, and to cause the creditors, upon due public notice, to come before him to prove their debts, and to take an account of the personal estate of the deceased to be applied on payment of the debts and other charges in a due course of administration. In McCartney *v.* Tyrer, 94 Va. 198, 26 S. E. 419, it was held that any creditor interested in the fund might interpose the bar of the statute of limitations. Werdenbaugh *v.* Reid, 20 W. Va. 588; 1 Story's Equity Jur. (13th ed.) §548; Woodyard *v.* Polsley, 14 W. Va. 211 (7).

3. Under the English equity procedure, after the common decree had been entered and the case had been referred to a master, the practice was not entirely uniform as to the extent of the proof required of persons filing claims. Where one creditor desired to set up the bar of the statute of limitations against the claim of another, no very strict pleading appears to have been required. 1 Daniel's Chan. Pl. & Pr. *655; 2 Id. *1210; Green *v.* Snead, 30 Beav. 231; Woodyard *v.* Polsley, supra.

It is not necessary in this case to go to the extent of adopting in full the English practice before the master. Pendley, as a person claiming to be a creditor of the decedent, was made a defendant to the original petition. He set out his claim in his answer. On its face it was barred by the statute of limitations, unless relieved therefrom by reason of acknowledgments or new promises. He alleged and undertook to prove that it was so relieved from the bar. The whole case was referred to an auditor for a proper ac-

counting and report. Pendley, therefore, went before the auditor undertaking to show that he had a claim which was apparently barred, but which, for certain reasons, was not really so. The other creditors could contest this fact; and there was no necessity for a formal plea by them setting up the statute of limitations.

In *Willis* v. *Sutton*, 116 *Ga.* 283, 42 S. E. 526, it was held, that where an action was brought upon an administrator's bond, and he filed a plea setting up that there was existing, at the time of the death of his intestate, a partnership between him and the defendant, and seeking to discharge himself as administrator from liability on account of demands which he had as surviving partner against the estate of his deceased partner, the plaintiff could reply to the claim so set up that the items thereof were barred by the statute of limitations, without filing a written plea to that effect, when there was no order requiring such plea to be in writing.

4. Under the evidence on the subject of the note held by Pendley, was the finding of the auditor, which was approved by the presiding judge, so erroneous as to require a reversal by this court? In the early case of *Martin* v. *Broach,* 6 *Ga.* 21, supra, it was held that "an acknowledgment, or promise, to take a case out of the statute of limitations, must specify, or plainly refer to the particular debt, or demand, or cause of action, which is sought to be revived." And this ruling has since been followed. *Sedgwick* v. *Gerding,* 55 *Ga.* 264; *Dobson* v. *Dickson,* 62 *Ga.* 639; *Gartrell* v. *Linn,* 79 *Ga.* 701, 4 S. E. 918; *Paillee* v. *Plant,* 109 *Ga.* 247, 34 S. E. 274; *Kirven* v. *Thornton,* 110 *Ga.* 276, 34 S. E. 848. In *Walker* v. *Griggs,* 32 *Ga.* 119, the headnotes state that "where the promise relied on refers to notes generally, without specifying amounts, dates, etc., the promise is insufficient. If the plaintiff, to identify the note sued upon, as the subject of the written promise, introduces other proof which fails to satisfy the jury on this point, this court will not interfere to control their finding, although the court may be of the opinion that the aliunde testimony preponderated against the conclusion of the jury." Under these rulings, the auditor might well have found that the note held by Pendley was not relieved from the bar of the statute of limitations. The entries of credit upon it were unsigned, and not shown to have been in the handwriting of the debtor. The receipts which were relied on as acknowledgments or new promises were found

among the papers of the decedent. They were signed by Pendley,. the payee, although the body of some of them was in the handwriting of Harris, the maker of the note now sought to be enforced.. They refer only in a vague way to the receipt by Pendley from Harris of certain amounts, "on note," and one of them "as credit. on his note." It does not appear whether there had been any other note or notes made by Harris to Pendley. The calculation which was introduced to aid in the identification does not coincide: accurately with what Pendley claimed to be due on the note now brought forward. The evidence of the witness by whom it was. sought to identify the receipts with the note and the calculation,. was quite uncertain, and showed differences between him and. Pendley in regard to the amount due. Upon the whole, we can. not say that there was any error in the finding which requires a. reversal.              *Judgment affirmed. All the Justices concur.*