No. 52.—ALEXANDER G. BULLOCH, plaintiff in error, *vs.* SAMUEL SMITH and another, administrators, &c., defendants in error.

| 15 | 395 |
| 116 | 899 |
| 15 | 395 |
| e120 | 157 |

[1.] It is not necessary that a witness should give the precise words used by a party who makes an acknowledgment, which is relied upon as taking a case out of the Statute of Limitations. A statement of the substance of such acknowledgment, is sufficient.

[2.] A distinct admission of a present subsisting debt, is an acknowledgment

from which a new promise will be implied, and is sufficient to take a case out of the Statute.

[3.] Where a witness is asked to look upon an account appended to a set of interrogatories, in which an item appears, as a charge for a negro man, named Jerry, furnished to defendants' intestate; and to state what he knew, going to show that he owed the same, and the witness replied, that on a certain day, and at a certain place, the defendents' intestate acknowledged the justice of the claim for the negro man Jerry: *Held*, that such acknowledgment related to the item specified, and was an admission of the indebtedness charged on account of this negro.

[4.] A conditional promise does not take a case out of the Statute, unless a compliance with the condition be proven. But where there is, first, a distinct acknowledgment of a particular debt, and afterwards, a promise to pay it, in land, *at that time*, if the same would be received at a certain price: *Held*, that the condition applied to the promise to pay *at that time*, and not to the promise to pay generally.

[5.] The Judge should interfere and prevent counsel who, are in conclusion, from referring to, and arguing upon facts, as a part of the case, which have not been given in evidence.

Assumpsit, &c., in Cass Superior Court.    Tried before Judge Jno. H. Lumpkin, March Term, 1854.

This was an action upon an account. The Statute of Limitations was pleaded, and a new promise relied upon. The proof was, that in 1849, the witness heard the defendants' intestate acknowledge the justice of the account, and promised to pay it at that time, if the plaintiff would take a certain piece of land, at $1200. Another witness swore, that in 1850, defendants' intestate said he was owing plaintiff, and was desirous to pay him.

The Court charged the Jury:

1st. That if the witness testified to an acknowledgment of the justice of the account, without giving the words of defendant's intestate, it was insufficient—being the mere opinion of the witness, which he cannot testify to; and this, in the opinion of the Court, will control this case.

To this charge, plaintiff excepted.

2d. That, to take a case out of the Statute of Limitations, the plaintiff must prove that defendant made a clear and

distinct acknowledgment, that the particular account sued on, was one that he was willing and liable to pay.

To this charge, plaintiff excepted.

A motion was made for a new trial, because the Court permitted A. R. Wright, the counsel for defendant, to state, in his concluding argument to the Jury, that the negro, Jerry, (one of the items in the account,) was given to and sent home with the defendants' intestate, (he being the son of the plaintiff); and the law presumed a gift, there being no evidence of these facts.

The Court refused the motion, because the Court charged the Jury, that there was no evidence of a gift, and they must not consider it.

To this decision, plaintiff's counsel excepted.

And upon these several exceptions, error has been assigned.

AKIN and COBB, for plaintiff in error.

MILNER, for defendant in error.

*By the Court.*—STARNES, J., delivering the opinion.

[1.] We know of no rule which forbids the statements of a witness, as to the acknowledgments of a party to the suit, from being admitted as evidence, unless the witness gives the very words which had been used. Such a rule would be productive of very great inconvenience and injustice. It constantly happens, that witnesses can remember no more than the tenor and effect of the conversations which transpire in their hearing, and on the proof of which, important interests depend. If these conversations could not be given in evidence, because the witnesses could recollect only their substance, and not the precise words employed, serious, indeed, would be the consequences which would result; for, perhaps, in the large majority of such cases, the substance, only, could be remembered.

When what was thus said, is substantially stated, if the testimony be not clear and definite, cross-examination should per-

form its office, and submit it to the test of careful scrutiny; and if it still remain vague, indefinite and uncertain, this may possibly present a good reason for its rejection. But it will not do to hold it insufficient, merely because the words used, are not stated.

Especially is it erroneous for the Court, in his charge to the Jury, to apply this rule, when no objection has been made to the testimony.

[2.] A distinct admission of a present subsisting debt, is such an acknowledgment as will take a case out of the Statute of Limitations. It is not necessary, that the party should express himself willing and liable to pay. This would be an express promise. A promise is implied, from an acknowledgment that a particular debt is still due. (*Angel on Lim.* 218. *Dickinson vs. McCamey*, 5 *Ga.* 486.)

It is true, that the acknowledgment will have no binding efficacy, if it be vague, and go only to the extent of admitting some general indebtedness. There should be an acknowledgment of a particular debt, as then due. From this, as we have said, the law implies a promise to pay. (*Angel on L.* 254, 260. *Martin vs. Broach*, 6 *Ga. R.* 21.)

[3.] It is said, that there is no such particular acknowledgment proven by the witness, James S. Bulloch, except as to the sum of $400 or $450—cash furnished. That there is no specific acknowledgment of indebtedness, as to the negro, whose value appears as one item in the account.

In the 2d interrogatory, the plaintiff's counsel requests this witness to look upon the annexed account, and state all that he knew, going to show that Nathaniel H. Bulloch owed the plaintiff. That account contained the following item: "To value of negro man Jerry, $800". Now, to this request, as thus submitted, the witness replies, that on a particular occasion, and at a certain place, N. H. Bulloch "acknowledged the justice of the claim for the negro man Jerry". What claim? Surely, that to which the attention of the witness had been called, as it appeared in the account. We think this a fair and proper construction. If it were not the meaning of

Bulloch *vs.* Smith and another, adm'rs, &c.

the witness, the defendants, by suing out other interrogatories, should have shown it.

[4.] It was also urged, that a conditional promise does not take a case out of the Statute, unless it be proven that there has been a compliance with the terms of the condition. That the promise by defendant's intestate, as proven by this witness was, that he would pay the debt in land, if the plaintiff would take the same at $1200; and that there had been no proof of readiness and willingness on the part of the plaintiff, to take the land on these terms.

The abstract proposition, as presented by the counsel, is correct. But the promise was not such as he supposes. The clear and definite statement of the witness is—*first*, that the defendant's intestate acknowledged the justice of certain items. in the account. *Secondly*, that he promised to pay them at that time, if the creditor would take payment in a certain piece of land, at the value of $1200. Not that he would pay only in land, if the same were taken at the price aforesaid; but that he would pay *at that time*; in land, if taken at that price. There is nothing in such terms, which can be held to modify the absolute promise to pay, which is to be implied from all else that was said by the intestate.

[5.] It is alleged as error in the Court below, that he permitted one of the counsel for the defendants, in the concluding argument, to influence the minds of the Jury, by reference to matters which were not in proof before them. Without pausing to examine the accurate weight of this exception—inasmuch as we reverse the judgment on other grounds—we shall simply say, what this Court has declared, in substance, on former occasions, that such a proceeding should be discouraged by the Circuit Bench, as highly wrong and reprehensible; and that we will do all that in our power lies, to sustain and uphold that Bench, in such wholesome and proper interference and restraints, as may be deemed necessary to repress this practice.

Judgment reversed.