Wheeler *vs.* Redding.

---

A. W. WHEELER, sheriff, plaintiff in error, *vs.* BENJAMIN REDDING, defendant in error.

1. The sheriff has no right to suspend the sale of property under final process because the defendant's attorney, on the day of sale, produces the defendant's petition in bankruptcy, (with adjudication thereon) in which the property levied upon is claimed as exempt by virtue of the bankrupt law, and because he is advised that he cannot, therefore, proceed to sell. Such facts, in answer to a rule *nisi* for not collecting the money on the *fi. fa.*, will not protect the sheriff against attachment.

2. Where the sheriff has levied a *fi. fa.* upon land for a debt existing prior to the constitution of 1868, it is not sufficient for him to show, in answer to a rule for the money, that he did not sell because the property had been set

apart to the defendant as a homestead by the ordinary. His answer, at least, should show,. affirmatively, that the homestead was not greater in quantity or value than the exemption allowed by law prior to the adoption of that constitution.

Sheriff. Levy and sale. Bankrupt. Homestead. Before Judge CLARK. .Sumter Superior Court. January Term, 1875.

Redding obtained a rule against Wheeler, sheriff, requiring him to show cause why he should not pay to the plaintiff $250 00 principal, with interest from September 7th, 1869, and costs, due on an execution against A. B. Raiford, placed in his hands for collection.

The sheriff answered that he had levied the execution upon a sufficient amount of property to make the money due thereon, and was about to sell the same, when W. A. Hawkins, the attorney for the defendant, exhibited to him Raiford's petition in bankruptcy, and adjudication, in the former of which said defendant claimed the property levied on as a part of his exemption; that he was then advised that he could not proceed with the sale; that the land levied on had been before set apart to the defendant as a homestead by the ordinary; that the whole matter was surrounded with difficulties which rendered it improper for him to sell until the questions made had been passed upon by the court to which he returned the proceedings; that he meant no contempt, and acted in the most perfect good faith.

Upon demurrer the answer was stricken and a rule absolute ordered to issue. To this decision respondent excepted.

HAWKINS & HAWKINS, for plaintiff in error.

W. B. GUERRY, for defendant.

BLECKLEY, Judge.

The sheriff, on being ruled, answered with two excuses: First, he said that on the day of sale the defendant's attorney produced the defendant's petition in bankrupcy, (with adjudi-

cation thereon) in which the land levied upon was claimed as exempt under the bankrupt law, and that he was advised that he could not, therefore, proceed to sell ; secondly, he said that the land had previously been set apart as a homestead by the ordinary, under the constitution of 1868.

1. This was final process, and the bankruptcy of the defendant made no difference, unless the sheriff had been stopped by affidavit of illegality, claim or injunction : 40 *Georgia*, 257.

2. The debt, as we understand the record, appeared on the face of the execution to have been older than the constitution of 1868.   Therefore, the sheriff's return, in order to protect him on the ground that the land had been set apart as a homestead by the ordinary, under the constitution, ought, at least, to have shown affirmatively that the quantity, if the land was in the country, or the value, if it was in town, did not exceed the exemption allowed by law prior to the adoption of the constitution.   The sheriff admits by his return that he had property levied upon sufficient to satisfy the execution.   He has shown no legal reason why he did not sell it.

Let the judgment be affirmed.