Abercrombie *et al. vs.* Butts, administrator, *et al.*

[Hall, Justice, did not preside in this case.]

1. An acknowledgment, to relieve the bar of the statute of limitations, must be made known to some person. A mere private memorandum, unsigned, and found after the death of the maker, is not sufficient.

(*b.*) The paper relied on in this case indicates that the sums were to be paid out of the estate of the writer, and would thus seem to be testamentary in character; but as such, it is insufficient for want of proper execution.

2. The usee for life died in 1857, and the right of action to the remaindermen then accrued; the youngest must have become of age by 1878; allowing the same time for them to bring suit after becoming of age as if they had been of age when the act of 1869 was passed, viz.: nine months and fifteen days, the suit brought by them in 1880 was barred.

November 6, 1883.

Statute of Limitations. Written Instruments. Before B. A. Denmark, Esq., Judge *pro hac vice.* Upson Superior Court. January Term, 1883.

Francis J. Abercrombie *et al.*, the children and grand-

children of Nancy H. Trice (formerly Nancy H. Gibson) and of James Trice, brought their bill against John A. Butts, administrator of James Trice, deceased, for an accounting for certain property left by the will of James Gibson, who died in 1853, to his daughter, Nancy Trice, for life, with remainder to her children. James Trice was the executor of Gibson and had in his hands the funds passing under this item of Gibson's will. He sold property so received, and invested in his own name. He died in April, 1880. Nancy Trice died in 1857. The paper copied in the decision was found among the papers of James Trice after his death, and was relied on by the complainants as relieving the bar of the statute. Certain creditors of James Trice were made parties by consent. The facts above stated appearing from the bill, on demurrer it was dismissed and complainants excepted.

JOHN I. HALL, for plaintiffs in error.

M. H. SANDWICH; J. A. COTTEN; A. M. SPEER; BOYNTON & HAMMOND; ALLEN & TISINGER; J. H. HALL, for defendants.

BLANDFORD, Justice.

The defendants demurred to the bill filed by plaintiffs in error, among other grounds, because the plaintiffs' claims upon the estate of James Trice, deceased, were barred by the statute of limitations. The court sustained the demurrer on this ground, and dismissed plaintiffs' bill, and this ruling is excepted to and error assigned thereon, and this writ of error is brought to review and reverse the decree dismissing said bill.

To take the case from under the operation of the statute, the plaintiffs rely upon a paper in the handwriting of the intestate, Trice, which was found among his papers after his death. The paper is as follows:

"Nancy H. Trice received from her father's estate $7,160.00, to be divided equally between her children, each one's share $550.77. Pay

out of J. Trice's estate. Jan., 1876. Aggregate amount for thirteen children $20,160.10.''

There was no signature to the paper; on the back of the same there was written in the handwriting of said deceased as follows:

"For Nancy Trice's children."

The complainants to the bill were Nancy Trice's children. Nancy Trice was the child of James Gibson, and she had intermarried with said James Trice, and died in 1857. Her father, James Gibson, died in 1853, leaving his last will and testament, by which he had devised and beqeathed to his said daughter, Nancy Trice, certain real and personal property for and during her life, and after her death to her children. Said James Trice was qualified and appointed the executor to the will of said James Gibson. James Trice died in April, 1880; the bill was filed in September, 1880.

The main question in this case is, whether the writing found among the papers of James Trice after his death, unsigned by him, was a sufficient acknowledgment of his indebtedness to complainants, so as to prevent the bar of the statute of limitations of the 16th March, 1869.

The Code, §2939, provides as follows: "A payment entered upon a written evidence of debt by the debtor, or any other written acknowledgment of the existing liability, is equivalent to a new promise to pay."

It is insisted for plaintiffs that the writing referred to is a written acknowledgment of an existing liability, and sufficient to create a new promise to pay. If this writing had been given to plaintiffs by Trice, or made to any one else for them, then there might be some foundation for the assumption of plaintiffs; but the circumstances stated in the bill show that the writing found among Trice's papers at his death was unsigned by him. He had never made known the same to any one during his life. How can it be said to be an acknowledgment? An acknowledgment is the admission of the truth of any fact. How can it be said

that this writing is the admission of the truth of the facts therein stated, when it was never made known to any one? The paper indicates that the sums mentioned therein are to be paid out of the estate of the writer, and thus it would seem to be testamentary in its character,—a something which he wishes done after his death. Not signed or properly attested, it fails as a testament; it is but a bare resolution, which could have no effect until legally declared; it fails as an acknowledgment, because it was never made known by the writer; hence the paper mentioned is not sufficient to create, nor is it equivalent to, a new promise.

A question similar to this came before the Supreme Court of Missouri. It was where a person wrote a will in his note-book, and signed the same, whereby he directed, that out of his estate his wife was to pay all his debts, including a debt due his mother of about four hundred dollars. That court says: "A mere writing acknowledging a debt, which is retained by the person making it, and which is never delivered either to the creditor or any one else, cannot have the effect of preventing the operation of the statute." 70 Mo., 138, Allen *vs.* Collins. Chief Justice Shaw, in the case of Merriman *vs.* Leonard, 6 Cushing, 150, where the acknowledgment of the debt was contained in a mortgage duly executed and acknowledged, which was never delivered to the mortgagee, but was found after the mortgagor's death among his papers, held that it did not amount to an acknowledgment of the debt, or of a willingness or intention to pay, from which a promise could be implied. The deed was never delivered, and was not an instrument by which the signer was bound.

These cases referred to, and which might be greatly multiplied, are much stronger than the case now under consideration; no promise to pay can be inferred from the instrument set out in plaintiffs' bill, under the circumstances under which the same was found, and the court below did right in sustaining the demurrer, notwithstanding the writing.

2. But it is insisted by plaintiffs in error that the bill and amendment thereto showed that Trice received the legacy of his wife, Mrs. Nancy Trice, as executor of James Gibson, her father; that he held it as her trustee during her life, so as to preserve the remainder to her children, under Gibson's will. Mrs. Trice died in 1857; then her children had a right of action against James Trice for the property in his hands. The trust then ceased, and this right of action then accrued to them against James Trice, upon the death of their mother, Nancy; and this was before the first of June, 1865; and by the act of March 16, 1869, all actions which accrued before the first of June, 1865, must be brought before the first day of January, 1870, or be forever barred. As Mrs. Trice died in 1857, her youngest child must have arrived at majority in 1878. There is no saving clause in the act of 1869, but this court held that, under the equity of this act, where one was an infant at the time of its passage, he should have the same time to bring his action, upon coming of age, as persons were allowed by the act; that is to say, from the passage of the act to first of January, 1870, which was nine months and fifteen days. See 55 *Ga.*, 87.

As it is apparent that all of Mrs. Trice's children were of full age in 1878, and they failed to bring this bill within nine months and fifteen days after attaining their majority, the bill not being brought until 1880, it follows that they were barred by the act of March 16, 1869. And there was no error in sustaining the demurrer to this bill, and the judgment of the court dismissing the same is affirmed.

Judgment affirmed.