GARTRELL *vs.* LINN.*

1. When in a petition for *certiorari* complaint is made that the magistrate erred in admitting testimony over certain specified objections, but the answer of the magistrate, which is neither excepted to nor traversed, fails to disclose upon what ground the testimony was objected to, or for what reason the same was ruled in, the alleged error of the magistrate cannot be considered by the superior court.

*SIMMONS, J., being disqualified, Judge LUMPKIN, of the Northern circuit, was designated to preside in his stead.

2. In order to revive a note, which on its face is barred by the statute of limitations, by a new promise, such new promise must so plainly and clearly refer to or describe the very note in question as to identify it with reasonable certainty.

January 27, 1888.

*Certiorari.* Practice in Superior Court. Promissory Notes. Statute of Limitations. Statute of Frauds. Before Judge SIMMONS. Bibb Superior Court. April Adjourned Term, 1887.

Reported in the decision.

H. F. STROHECKER, by J. H. HALL, for plaintiff in error.

A. PROUDFIT, by brief, for defendant.

LUMPKIN, Judge.

Linn brought suit in the justice's court against Gartrell, January 18, 1886, on a promissory note dated November 28, 1878, and due thirty days after its date. The defendant pleaded the statute of limitations, and to avoid this plea, plaintiff introduced a letter from the defendant, which he claimed was, under section 2935 of the code, such a written acknowledgment of the defendant's liability as was equivalent to a new promise to pay the note.

The following is a copy of the letter:

"MACON, August 5, 1885.

" FRIEND CHARLIE :

Yours of 3d, instant received. You remember while here I told you that I was building, and consequently ' hard up ' but soon as last payment on my house is made, would pay you some if not all. My note for last payment on house is in bank, payable October 1st, and it will be all I can do to meet it, but after I do, will surely pay you all I can. Should you draw at sight, it would not be honored for the simple reason that I have not the money now, and it would result only in detriment to me without profit to you, and I know you would not cause me any embarrassment. So exercise a little faith, my old friend, and you shall be paid the ' uttermost farthing.'

Please write and state amount of indebtedness, as I have forgotten how much it is. With kindest regards to self and family, I remain, as ever,

Your friend,    F. B. GARTRELL.

"Mr. C. B. LINN, Hampton, Georgia."

The introduction of this letter was objected to by defendant in the justice's court, and, as alleged in the petition, on certain specified grounds, concerning which the magistrate's answer is silent, but the objection was overruled. The plaintiff's case rested entirely upon the note and the letter, and upon this testimony judgment was rendered in his favor. The defendant sued out a writ of *certiorari*, alleging as error the admission of the letter in testimony, and the judgment aforesaid.

The superior court overruled the *certiorari*, and this is assigned as error.

1. The first ground of error complained of in the magistrate's rulings cannot be considered, because his answer to the writ of *certiorari* does not state upon what ground the letter was objected to, or for what reason it was allowed to go in testimony. The answer was neither excepted to for want of fullness nor traversed as untrue. The case was therefore tried upon the answer as it stood, and as it does not disclose error on this point, the ruling of the magistrate, admitting the letter in evidence, must stand as correct, and the superior court could not have overruled the *certiorari* for this reason.

2. But taking the plaintiff's case upon the note and letter, was the judgment in his favor, which the superior court refused to reverse, right? We are of the opinion it was not. The note was on its face plainly and clearly barred by the statute of limitations, and the question is, did this letter relieve it from the bar?

In order to have done so, it was necessary that it should specify or plainly refer to the particular debt, so as to iden-tify it with certainty. In a well-considered case, where this subject was under consideration, this court said:

"There must be a clear and unequivocal acknowledgment of the debt to take the case out of the statute of limitations. To take the case out of the statute, the acknowledgment must clearly refer to the very debt in question between the parties." 6 *Ga.* 30.

This ruling is cited and approved in 32 *Ga.* 127, where this court held that an acknowledgment or promise sufficient to obviate the statute of limitations, or impose a new obligation, must specify or plainly refer to the particular demand or cause of action to be renewed or created by it. See also 55 *Ga.* 265. Again, in 62 *Ga.* 640, it was held that "letters or other detached writings which do not describe the debt so that it may be identified with reasonable certainty, are not of themselves enough to connect the new promise which they express or imply with the particular debt declared upon."

These and other decisions settle beyond doubt the principle that a debt already barred by the statute will not be revived by a new promise in writing, unless that new promise plainly and unmistakably refers to and identifies the very debt in question. The letter relied on in this case falls very far short of this requirement. It is quite vague and indefinite in its terms. It merely promises to pay the plaintiff some debt which the defendant owes him, but is silent as to the date, amount and character of the indebtedness. Certainly, it does not in any way designate or specify the note sued on. We are, therefore, satisfied the court erred in refusing to sustain the *certiorari*.

Judgment reversed.