SLACK *v.* SEXTON, administrator, and *vice versa.*

LITTLE, J. 1. Where letters acknowledged to have been written by the defendant are relied on to create a new promise to pay an existing open account which on its face is barred by the statute of limitations, such letters must, to have such effect, with reasonable certainty, of themselves connect the debt with the promise, and sufficiently identify the debt. By their words they must acknowledge the particular debt as an existing liability, in order to remove the bar of the statute.

2. The letters relied on in this case to establish such new promise do not distinctly specify the debt sought to be taken without the bar of the statute, and are not sufficient to create a new promise to pay. *Sedgwick* v. *Gerding*, 55 *Ga.* 264 ; *Dobson* v. *Dickson*, 62 *Ga.* 639 ; *Johnson* v. *Johnson*, 80 *Ga.* 263.

*Judgment on main bill of exceptions affirmed ; cross-bill dismissed. All the Justices concurring.*

Argued May 7, — Decided May 25, 1901.

Complaint on account.    Before Judge Spence.    Worth superior court.    October 24, 1900.

*Fulwood & Murray,* for plaintiff.

*Perry & Tipton,* for defendant.