26012, 26054. DUKE *v.* LYNCH; and *vice versa.*

DECIDED JUNE 14, 1937.
REHEARING DENIED JULY 30, 1937.

*Park & Strozier,* for Duke. *John J. McCreary,* contra.

MACINTYRE, J. H. T. Lynch brought an action against J. D. Duke to the June, 1936, term of Peach superior court on an unsealed promissory note. By paragraph, the petition substantially alleges: (1) J. D. Duke's residence. (2) "Said defendant is indebted to petitioner in the principal sum of . . $394.35, with interest thereon from July 15, 1929, and 10 % attorney's fees, on a promissory note of which petitioner is the owner and holder for value, after maturity." (3) On July 15, 1929, the defendant made a payment of $352.10 on said note, leaving, unpaid said principal balance, which was the only indebtedness existing between defendant and the payee of said note between said date and the filing of this suit, and which was accompanied by a letter from defendant reciting: "Enclosed I hand you check for $352.10, the balance to follow shortly." (4) On September 6, 1930, the defendant wrote a letter to the same agent of payee to whom said

remittance and letter were mailed, in which defendant said: "I hope to be able to satisfactorily settle my account with you before the end of the year." (5) On June 4, 1931, the defendant again wrote a letter to said agent, in which defendant said: "In the course of the next thirty days I will harvest 250 acres of peaches, and will pay the balance due. This obligation should have been paid by Mr. Hiatt, the inventor of the Hiatt Liner, as the order for this advertising was placed with that understanding. . However, since he has failed to do it, I will see that you get your money within the next thirty or forty days." (6) On January 9, 1932, the defendant again wrote a letter to the same agent of the payee, in which defendant said: "I have your letter of December 23d, and I have had in mind this long past-due account. I will appreciate some further indulgence from you in the matter. I am reasonably sure that before a great while it will be paid." (7) "All of said letters referred to the balance of indebtedness on said note, which same is past due and unpaid." The copy of the note declared on, attached to the petition as an exhibit, is for the principal sum of $704.20, dated February 15, 1928, payable to Barrick Publishing Company or order, five months after date, with interest at six per cent. per annum from maturity, and signed "J. D. Duke." On the back of the note appear the following indorsements: "July 12, 1929, paid $352.10. Pay to H. T. Lynch, or order. Barrick Publishing Company by G. A. Gurley, President. April 29, 1936."

The demurrer to the original petition was substantially as follows: (1) The petition sets out no cause of action. (2) "It affirmatively appears from the . . petition that the cause of action is barred by the statute of limitations; for that the suit is upon a promissory note not under seal, action upon which is barred in six years after the same becomes due, . . it appearing . . that the same became due and payable on July 15, 1928." (3) "Said petition does not plead a sufficient new promise to relieve the bar of the statute; . . for that the new promise attempted to be pleaded in paragraph 3 of the petition, if sufficient otherwise, was not within six years, and because the other new promises sought to be pleaded . . are not new promises to pay the promissory note, . . or any promissory note, but are new promises to pay an account, and no account is sued on." (4)

Paragraph 3 of the petition "seeks to plead a new promise made not within six years." (5) Paragraphs 4, 5, and 6 of the petition are "immaterial and not germane to the cause of action sought to be alleged; for that . . the new promises therein attempted to be set out do not refer to the promissory note attached to the petition, or to any promissory note, but to an account, and no account is sued on." (7) Paragraph 7 of the petition seeks to contradict the letters referred to, "the letters themselves showing that they refer to an account, and not to a promissory note."

At this stage of the case, the plaintiff amended his original petition by adding the following paragraphs: (9) On June 15, 1927, the defendant executed and delivered to the payee of the note sued on the following contract: "City, Fort Valley, State Ga. Date, June 15, 1927. To The Packer: I hereby agree to use 500 inches of advertising space in The Packer (published weekly), within one year from date, at the contract price of $2.25 per inch per insertion. In the event I do not use 500 inches within one year, you are to bill me back for the difference between $2.25 per inch and the rate that should properly apply on the amount of space actually used, as per schedule appearing on the reverse side of this sheet." (10) The payee of the note is the publisher of The Packer. The advertising space contracted for was fully furnished monthly, and bills rendered monthly in accordance with a provision appearing on the reverse side of the contract, as follows: "2. All bills for advertising are due and payable the first of each month, for space used the preceding month." (11) The defendant later gave his note which is the basis of this suit, to cover the indebtedness accruing under said contract. (12) By his letters to the payee the defendant lulled the payee of said note into a sense of security that the indebtedness was undisputed, and that the sole reason for non-payment of said note was defendant's inability to pay the same. (13) By reason of the foregoing, the defendant is equitably estopped to defend this suit on the ground of the statute of limitations.

The plaintiff having amended his petition, the defendant renewed his original demurrer, and further demurred: (1) "To paragraph 12 of the amended petition, because the allegations thereof are . . immaterial and not germane to the cause of action pleaded; the fact that plaintiff was lulled into security not

334

being sufficient to prevent the bar of the statute of limitations from attaching, or to convert into a new promise the letters set out . . in the original petition." (2) "To paragraph 13 of the amended petition, because the allegations thereof are . . immaterial and not germane to the cause of action alleged in the petition; because no facts are set out in said paragraph, or elsewhere in the petition, constituting an equitable estoppel against the defendant to plead the statute of limitations." The court's judgment was: "Defendant's demurrer as to grounds 1, 2, 3, 4, 5, and 6 is . . overruled. Paragraphs 12 and 13 of plaintiff's petition allege that certain letters from defendant estopped him from pleading the statute of limitations. None of these letters, nor all together, could in law or equity amount to an estoppel, and said two paragraphs . . are therefore stricken on demurrer thereto." The effect of the court's judgment was to overrule the demurrer invoking the statute of limitations, and to sustain the demurrer to the equitable estoppel as pleaded. By bill of exceptions J. D. Duke questions the judgment overruling his demurrer based on the statute of limitations. By a cross-bill of exceptions H. T. Lynch excepts to the judgment sustaining the demurrer to that part of the amendment pleading equitable estoppel.

Since the unsealed note declared on matured on July 15, 1928, and suit was brought to the June term, 1936, the action was barred by the six-year statute of limitations, unless the facts pleaded prevent the bar of the statute. Code, § 3-705. "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him. (Acts 1855-6, p. 235.)" § 3-901. To the same effect is the requirement of the statute of frauds, which declares that "Any promise to revive a debt barred by a statute of limitation" must be in writing. See Code, § 20-401, par. 6. Even before the new promise was required to be in writing the rule was as follows: "An acknowledgment, or promise, to take a case out of the statute of limitations, must specify or plainly refer to the particular debt, or demand, or cause of action, which is sought to be revived." *Martin* v. *Broach*, 6 *Ga.* 21 (4) (50 Am. D. 306). After referring to the *Martin* case and other cases, Judge Lump-

kin, speaking for the court in *Gartrell* v. *Linn*, 79 *Ga.* 700, 703 (4 S. E. 918), said: "These and other decisions settle beyond doubt the principle that a debt already barred by the statute will not be revived by a new promise in writing, unless that new promise plainly and unmistakably refers to and identifies the very debt in question. The letter relied on in this case falls very short of this requirement. It is quite vague and indefinite in its terms. It merely promises to pay the plaintiff some debt which the defendant owes him, but is silent as to the date, amount and character of the indebtedness. Certainly it does not in any way designate or specify the note sued on." We next quote from *Paille* v. *Plant*, 109 *Ga.* 247 (34 S. E. 274) : "In order to revive a promise barred by the statute of limitations by a new promise in writing, as required by our Code, the new promise must so plainly and clearly refer to or describe the original promise in question as to identify it with reasonable certainty. Neither of the letters here relied upon as constituting a new promise described the account so as in any manner to identify it." See also *Kirven* v. *Thornton*, 110 *Ga.* 276 (34 S. E. 848) ; *Hughes* v. *Treadaway*, 116 *Ga.* 663 (42 S. E. 1035) ; *Lambert* v. *Doyle*, 117 *Ga.* 81 (2) (43 S. E. 416) ; *Mitchell* v. *Graham*, 27 *Ga. App.* 60, 62 (107 S. E. 373). "Where letters acknowledged to have been written by the defendant are relied on to create a new promise to pay an existing open account which on its face is barred by the statute of limitations, such letters must, to have this effect, with reasonable certainty, of themselves connect the debt with the promise, and sufficiently identify the debt. By their words they must acknowledge the particular debt as an existing liability, in order to remove the bar of the statute." *Slack* v. *Sexton*, 113 *Ga.* 617 (38 S. E. 946).

We think it clearly appears from the foregoing decisions that the courts of this State adhere to the strict rule that the writing designed to toll the statute of limitations must in itself "connect the debt with the promise and sufficiently identify the debt." Neither one nor all of the letters pleaded in the instant case in themselves "connect the debt with the promise." Indeed, these letters not only fail to identify in any way the note declared on, but they mention an "account," without indicating that any note was involved, or that the word "account" had the slightest refer-

ence to the subject-matter of the suit. In *Watkins* v. *Harris,* 83 *Ga.* 680 (10 S. E. 447), Bleckley, C. J., speaking for the court, said: "It should not be overlooked that a statute requiring a new promise to be evidenced by writing is not a statute of limitations. It is a law of evidence, having for its object the avoidance of the uncertainties to which parol evidence is exposed." In the case mainly relied on by counsel for defendant in error, *Duncan* v. *Redd,* 14 *Ga. App.* 306 (80 S. E. 726), the action was on a promissory note, and both of the letters designed to toll the statute of limitations referred to remittances to be credited on "my note." Furthermore, the oral testimony to the effect that the decedent owed Redd on only one note appears to have been admitted without objection. The facts of the *Duncan* case differentiate it from the case at bar, and we do not think the ruling in that case militates against our holding in the instant case that the court erred in overruling the demurrer invoking the bar of the statute of limitations. Having reached this conclusion, it is deemed unnecessary to pass on the judgment upon the demurrer based on equitable estoppel.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*