26816. CARNES *et al.,* executors, *v.* BANK OF JONESBORO.

194

DECIDED JULY 12, 1938.

O. J. Coogler, Crenshaw, Hansell & Gunby, J. H. Boman Jr., for plaintiffs in error.

Hirsch & Smith, A. S. Clay, W. H. Reynolds, contra.

STEPHENS, P. J. ■ While the directors of a corporation stand in a fiduciary relationship with the stockholders of the corporation, the relationship does not constitute a subsisting trust, cognizant only in a court of equity, to which the ordinary statute of limitations does not apply, as provided in the Code, § 3-713. Thomas v. Brinsfield, 7 Ga. 154; Schofield v. Woolley, 98 Ga. 548 (25 S. E. 769, 58 Am. St. R. 315); Anderson v. Gailey, 33 Fed. (2d) 589; Knowles v. Rome Tribune Co., 127 Ga. 90' (56 S. E. 109).

■ Fraud on the part of a debtor, by which the creditor is debarred or deterred from instituting suit, and which deprives the debtor of the right to insist upon the statute of limitations, as provided in the Code, § 3-807, must be actual fraud involving moral turpitude, and must have the effect of depriving or deterring the creditor from his action. Austin v. Raiford, 68 Ga. 201; Anderson v. Foster, 112 Ga. 270 (37 S. E. 426); Barrell v. Jackson, 44 Ga. App. 611 (162 S. E. 308); Ponder v. Barrett, 46 Ga. App. 757 (169 S. E. 257). There must be some deceit or false representation, or other conduct involving moral turpitude by the debtor, which induces the debtor's creditor to refrain from bringing suit within the period of the limitation of the statute. Oral statements by the debtor, made from time to time to the creditor, within the period of limitation as well as afterwards, of his intention to pay the debt, and relied on by the creditor on account of the high character and integrity of the debtor and confidence by the creditor in the debtor's integrity and promise to pay, even though the creditor is a banking corporation and the debtor is

one of the directors therein, and the statements made by the debtor are made to the other directors, including the president of the bank, and to other officers of the bank, do not constitute fraud which would relieve the bar of the statute of limitations. *Printup* v. *Alexander*, 69 *Ga.* 553; *Wilcox* v. *Bank of Hazlehurst*, 24 *Ga. App.* 516 (102 S. E. 45); *Barrett* v. *Jackson*, supra.

■ An oral promise made by a debtor to his creditor to pay an existing debt, although it may not be fraudulently made, does not constitute such new promise as constitutes a point from which the limitation to sue shall commence running on a right of action not barred or to renew a right of action already barred. A new promise, in order to be effective for such purposes, must be in writing. Code, § 3-901.

■ A promise by a debtor in writing to pay a debt, which has the effect of constituting a point from which the period of limitation within which suit can be filed commences to run on the right of action, or of renewing a right of action already barred, must be made to the creditor or to some one representing him. A writing made by the debtor and addressed to the executors named of his last will, acknowledging the debt and desiring that it shall be paid from his estate, irrespective of whether the debt is barred by the statute of limitations, and requesting therein that the executors carry out his request, and which is not made to the creditor or any one representing the creditor by the debtor, is insufficient to constitute a new promise which extends or removes the bar of the statute of limitations as provided in the Code, § 3-901. *Abercrombie* v. *Butts*, 72 *Ga.* 74 (53 Am. R. 832).

■ In a suit by the creditor bank against the executors of the estate of the debtor, to recover on a debt represented by promissory notes of the debtor which were held by the plaintiff bank, where it appears from the petition that the suit was brought more than twenty years after the date of maturity of the notes, and it does not appear that any new promise was made by the debtor, or that he was guilty of any fraud which had the effect of constituting the point from which the period of limitation within which suit could be filed should commence to run on the right of action, or to renew the right of action already barred, or that the debtor was a trustee under a subsisting trust where the statute of limitations does not apply, it appears from the petition that the cause of ac-

tion sued on is barred by the statute of limitations. The court erred in overruling the defendants' demurrer which was based on the ground that the plaintiff's cause of action was barred by the statute of limitations. *Judgment reversed. Sutton, J., concurs.*

FELTON, J., concurring specially. The Bank of Jonesboro does not contend that there was a trust relationship cognizable only in a court of equity, which would prevent the running of the statute of limitations. It does not contend that there was fraud involving moral turpitude, which would have the effect of applying the statute of limitations as of the time of the discovery of the fraud (Code, § 3-807). It does not contend that there was a valid new promise to pay. The bank's sole contention is that it had a right to rely on Mr. Hutcheson's promises to pay the notes involved in this case, under all the circumstances, and that Mr. Hutcheson would have been estopped to plead the statute of limitations, and therefore his executors are estopped to plead it. Mr. Hutcheson was an officer and director of the bank from a point of time long before the notes became barred, until his death. Before the time the notes became barred, the superintendent of banks required that they be charged off, for the reason that past-due notes could not be carried on the books of the bank as current assets. I do not think that Code, § 3-807 covers the question of estoppel to plead the statute. I think it would be a legal fraud for an officer and director of the bank to fail to perform his promises, under the circumstances of this case, if he had prevented the filing of a suit, and presumably assented to the charging off of the notes, which fact put the bank in a position where it was not forced to sue. However, in order for estoppel to be involved, there must be something done or said by the party to be estopped, which was acted on by the other party, under such circumstances that the party sought to be estopped was bound to know that the conduct of the opposite party was induced by his conduct or words. It is not alleged in the present petition that Mr. Hutcheson agreed not to plead or rely on the statute if the notes were not sued, nor is it alleged that the promises to pay the notes were made for the purpose of preventing the filing of the suit on the notes. All the petition says is that the bank relied on the assurances of payment. There is nothing to indicate, except conjecture, that Mr. Hutcheson made the assurances for that purpose, or that he had any reason to sus-

pect that suit was delayed because of his promises to pay. The mere fact that the bank secretly relied on the promises could not create an estoppel. For this reason I concur in the judgment of reversal.