MIDDLEBROOKS, receiver, *et al. v.* CABANISS.

No. 14062.   April 15, 1942.

*H. M. Rylee,* for plaintiffs in error. *Rupert A. Brown,* contra.

JENKINS, Justice. ■ "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him." Code, § 3-901. An acknowledgment in writing of the existing liability is equivalent to a new promise to pay. *Harrell* v. *Davis,* 108 *Ga.* 789 (2) (33 S. E. 852); *Sammons* v. *Nabers,* 186 *Ga.* 161, 164 (197 S. E. 284); Code, § 3-903. Such a writing containing a promise or acknowledgment, in order to revive a liability or constitute a new point from which the limitation will commence to run, must in legal effect be made to the creditor (*Carnes* v. *Bank of Jonesboro,* 58 *Ga. App.* 193 (4), 198 S. E. 338; 34 Am. Jur. 254, § 319); and must sufficiently identify the debt or afford the means by which it might be identified with reasonable certainty. Thus, even a definite promise or acknowledgment in writing, uncommunicated to the creditor (*Abercrombie* v. *Butts,* 72 *Ga.* 74,

76), or a communicated mere indefinite acknowledgment, which goes no further than to admit a general liability without identifying the debt or affording a means of identification, is insufficient. *Slack* v. *Sexton,* 113 *Ga.* 617 (38 S. E. 946) ; *Gartrell* v. *Linn,* 79 *Ga.* 700 (2), 703 (4 S. E. 918), and cit.; *Bulloch* v. *Smith,* 15 *Ga.* 395 (2), 398; *Martin* v. *Broach,* 6 *Ga.* 21 (4, 5), 30 (50 Am. D. 306) ; *Walker* v. *Griggs,* 32 *Ga.* 119, 127.

■ While the courts of other States have held, with some conflict of authority, that a notation merely on a check-book stub, to which a check was originally attached, is insufficient to show an acknowledgment of a debt barred by the statute, even though such a notation may afford a means of identifying the debt (Clunin *v.* First Federal Trust Co., 189 Cal. 248, 207 Pac. 1009, 1011; Searles *v.* Gonzalez, 191 Cal. 426, 216 Pac. 1003, 28 A. L. R. 80, 84, and cit.), the rule is different where such an entry is made on the face of the check itself, which, when paid as here, must necessarily have been delivered by the debtor to the creditor, who as payee is a party to the check. First National Bank *v.* Gamble (Tex. Civ. App.), 132 S. W. 2d, 100; 125 A. L. R. 265, 267, 271, and cit. Under these and the preceding rulings, where the amended intervention alleged that the debtor gave to the creditor checks payable to her, bearing the notation "Payment on my and W. C. Moon note" or expressions of the same import, and the creditor testified that the note in question was the only one owed by the debtor, and that the checks bore notations substantially as quoted, the court did not err in overruling a demurrer to the intervention on the ground that the acknowledgments were not made to the creditor, because they were contained in checks which were addressed to the bank on which they were drawn, and in refusing a new trial on the general grounds.

■ Where a party to a cause serves on the opposite party, who is presumably in possession of a once existing material writing, a notice to produce such writing, and the party served responds that the writing is lost, or fails to produce it at the trial, secondary evidence as to the contents of the original writing becomes admissible. *Crawford* v. *Hodge,* 81 *Ga.* 728, 730 (8 S. E. 208) ; *Hines* v. *Johnston,* 95 *Ga.* 629 (2), 643 (23 S. E. 470) ; *Bell* v. *Chandler,* 23 *Ga.* 356, 359; *Atlantic Coast Line R. Co.* v. *Hill,* 12 *Ga. App.* 392 (7), 397 (77 S. E. 316) ; *Sims* v. *Scheussler,* 2 *Ga. App.* 466 (2), 469 (58 S. E. 693) ; Code, §§ 38-214, 38-801 et seq.  Accord-

ingly, where the intervening creditor in a receivership proceeding, seeking to recover on a promissory note from the estate of a deceased security, served on the present receiver a notice to produce the alleged checks with entries as indicated in the preceding paragraph, and the receiver failed to produce the checks, and there was testimony as to their actual previous existence with such entries, the court did not err in admitting secondary evidence as to such notations. The present receiver of the assets of the deceased security being the proper custodian of the canceled checks, and presumably in possession thereof, the fact that before his appointment there had been an administrator and other receivers, and that no notice to produce had been served on his predecessors, would not operate to change the rule.

*Judgment affirmed. All the Justices concur.*