34118.   WILLIAMS *v.* AMERICAN SURETY COMPANY.

DECIDED JULY 16, 1952.

534

*Cobb & Cobb, W. Harvey Armistead,* for plaintiff in error.
*Randolph Hayes, John E. Dougherty,* contra.

WORRILL, J. (After stating the foregoing facts.) 1. "Under the statute of frauds, any promise to revive a debt barred by a statute of limitation must be in writing and signed by the promissor or some person lawfully authorized by him. Code § 20-401 (6). This without more would require that the debt be identified, and that the new promise or acknowledgment should itself furnish the identification, or afford the means therefor. *Gartrell* v. *Linn,* 79 *Ga.* 700 (2) (4 S. E. 918); *Slack* v. *Sexton,* 113 *Ga.* 617 (38 S. E. 946); *Duke* v. *Lynch,* 56 *Ga. App.* 331 (192 S. E. 535). But, as in a contract for the sale of land, if the writing supplies a key by which the subject-matter may be identified with the aid of extrinsic evidence, it is in this respect a sufficient compliance with the statute. Compare *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571); *Smith* v. *Federal Land Bank of Columbia,* 181 *Ga.* 1 (2), 3 (181 S. E. 149)." *National*

*City Bank of Rome* v. *First National Bank of Birmingham,* 193 *Ga.* 477, 484 (19 S. E. 2d, 19). In *Martin* v. *Mayer,* 63 *Ga. App.* 387, it is held on pages 401 and 402: "The rule as to the evidential value of letters relied on to create a new promise to pay an indebtedness otherwise barred by the statute of limitations is as follows: 'Where letters acknowledged to have been written by the defendant are relied on to create a new promise to pay an existing open account [a promissory note not under seal in the instant case] which on its face is barred by the statute of limitations, such letters must, to have such effect, with reasonable certainty, *of themselves* connect the debt with the promise, and sufficiently identify the debt. By their words they must acknowledge the particular debt as an existing liability, in order to remove the bar of the statute.' *Duke* v. *Lynch,* 56 *Ga. App.* 331 (192 S. E. 335), and cit. Whether or not such letters of themselves show an acknowledgment of the debt sued on may, however, be determined by aliunde proof. 'It has been decided that letters written by a creditor, requesting payment, and referred to in letters written by the debtor in reply thereto, are, to the extent that they make intelligible the letters of the former [latter?] a part of such letters, and in connection therewith are admissible in evidence, and that it is competent to prove the contents of such letters by secondary evidence where the originals are not procurable. And in several cases it has been held that a chain of letters from the debtor to the creditor may be introduced in evidence to show an acknowledgment in accord with the statutory provision.' 17 R. C. L. 892, § 250. 'When the promise is evidenced by letters, all of the letters relating to the debt, although they are separated by a considerable period of time, may be taken into consideration in determining whether a new promise was made and whether that promise was unconditional. A debtor's letter is to be construed in connection with the creditor's letter to which it is a reply, and indefiniteness of a letter in identifying the debt referred to may be removed by oral testimony that it was written in answer to a letter from the creditor which identified the debt, although several letters containing detached statements which, all together, do not constitute a definite acknowledgment, are no doubt insufficient.' 37 C. J. 1127, § 604." "While a written acknowledgment of an existing

liability is equivalent to a new promise to pay, and, like such a promise, will renew a right of action already barred by the statute of limitations, or create a new point of departure for the running of the statute, such an acknowledgment must meet two requirements: that it shall in legal effect have been made by the debtor to the creditor, and that it shall sufficiently identify the debt or afford a means of identification with reasonable certainty." *Middlebrooks* v. *Cabaniss*, 193 *Ga.* 764 (1) (20 S. E. 2d, 10).

The letters attached as Exhibits B and C are as follows:

Exhibit B:

April 17, 1946

Mr. J. L. Williams
140 Lakewood Terrace,
Decatur, Ga.,
Dear Mr. Williams:

Attached you will find premium notice from the Mutual Benefit Life Insurance Company on policy 1382271-72 due May 4th, for $6.47 each. Please see that these premiums are paid in due time.

I have received a very strong letter from our New York office complaining that our claim payment to the Equitable Life on your account, amounted to $4,776.96. That up to this time you have repaid to us a total of $645, leaving an unpaid balance on the principal of $4,131.96. They have obtained a credit report on you which indicates that your annual income and your personal and real estate holding are such that you could take up again regular payments on this obligation. So that they have insisted, or rather instructed me that unless you can and do make some immediate arrangements which will be satisfactory to us toward the liquidation of this obligation, your matter must be put into the hands of our attorneys for suit. I don't want to cause you any extra and unnecessary expense, but we feel that we have been patient in this matter long enough and are entitled to better consideration from you than we have been receiving.

I must ask that you give this matter attention at once.

Yours very truly,
W. A. Baughn, Inspector.

Exhibit C:

April 22, 1946

Dear Mr. Baughn:

Reference is made to you letters of 3/26th and 4/17. It has been my intention to answer your letter of 3/26 but I have been sick for one year and half. I have been under weekly care of doctors for this period. My doctors bills are $35 per mo. now.

Until last two weeks, at which time we got 24¢ per hour raise I was not making a living, since I have been out here. I have paid out over $1000 in funeral expenses.

You did not recognize that I have paid $750 to keep up the life insurance securing your claim.

By middle of May I will send you a payment for May. If I do get a permanent appointment here I can in short order reduce this debt to $3000 which will put the indebtedness where the insurance will clear balance. I think July 1st will know more about this.

*Please understand* I am making the above statement only because I want to do and not because of any fear of suit or the effects. Your credit report is incorrect in some of its statements, if as you report. I lost another $1000 last year on account of illness. I have had bad luck but am trying to do best I can. I could go into great length in explaining but I learned long ago it does not do any good. Money is all that counts and unless you have it to pay—say very little. If I do not hear from you I presume it is satisfactory to send payment in and go ahead and pay insurance premium again.

Yours truly,

/s/ Jesse L. Williams

The letter marked and attached as Exhibit B, taken in conjunction with the letter marked and attached as Exhibit C, and to which Exhibit C specifically refers, sufficiently identifies the debt sued upon to remove the bar of the statute of limitations. Accordingly, the court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*