34616. ALMAND, Administrator *v.* NORTHERN ASSURANCE COMPANY, LTD.

FELTON, J. The Supreme Court having reversed the judgment of this court on certiorari (*Northern Assurance Co., Ltd.* v. *Almand,* 210 *Ga.* 243, 78 S. E. 2d 788), the judgment of this court reversing the trial court is hereby vacated.

The plaintiff in error contends that, since the answer of the insurance company admits an indebtedness, the court should have rendered a judgment in his favor for the amount admitted to be due despite the sustaining of the plea of res judicata, and cites *Gibbs* v. *Swords,* 28 *Ga. App.* 177 (110 S. E. 499); *Davis* v. *Metropolitan Life Ins. Co.,* 48 *Ga. App.* 179 (172 S. E. 467), and *Hadden* v. *Fuqua,* 194 *Ga.* 621 (3) (22 S. E. 2d 377). These three cases involve tenders, and there is no tender in this case. Whatever admissions there were in the answer were made subject to the demurrers filed by the defendant below, and when the court sustained the plea of res judicata and dismissed the action, both the answer and the demurrers went out with the rest of the case. The gravamen of the issue of res judicata was that the general demurrer to the petition had been sustained and was the law of the case. This was equivalent to a dismissal on general demurrer and put the case out of court, including the answer. *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67, 79 (121 S. E. 105); *Anderson* v. *Burson,* 172 *Ga.* 448 (4) (157 S. E. 632).

The fact that another judgment was necessary to dismiss the action in addition to the one sustaining the plea of res judicata does not alter the result here, since whatever admissions were made were made subject to demurrer, and since the sustaining of the plea of res judicata precluded a ruling on the demurrers to the petition, it was impossible for the defendant to be held bound by the admissions made subject to demurrer.

Under the ruling of the Supreme Court, supra, the trial court did not err in sustaining the plea of res judicata and in dismissing the action.

*Judgment affirmed. Sutton, C. J., Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur.*

DECIDED DECEMBER 2, 1953—REHEARING DENIED DECEMBER 16, 1953.

*O. J. Tolnas,* for plaintiff in error.
*Hamilton Lokey,* contra.