35731. ALMAND, Administrator, *v.* NORTHERN ASSURANCE Co., LTD.

TOWNSEND, J. 1. An admission of liability by the defendant in an answer to a petition does not estop such defendant from insisting upon a general demurrer thereto. *Albany Phosphate Co.* v. *Hugger Bros.*, 4 *Ga. App.* 771 (1a) (62 S. E. 533).

2. General allegations of a petition must yield to specific detailed averments therein. *Green* v. *Perryman*, 186 *Ga.* 239 (197 S. E. 880); *Plumer* v. *Southern Bell Telephone & Telegraph Co.*, 58 *Ga. App.* 622 (199 S. E. 353). A general allegation that the defendant made a standing offer to pay the plaintiff a certain sum, admitted to be its liability under a policy of insurance, must yield to specific averments showing that the paragraph of the defendant's answer to a suit filed against it by the plaintiff, which was alleged to be the "standing offer" was in fact made as a defense to such litigation and was expressly made subject to certain general demurrers previously filed. Accordingly, where the demurrers were subsequently sustained, and that decision affirmed on appeal before the plaintiff indicated any willingness to accept the sum offered, an attempt to base a right of contract upon an acceptance after the petition had been dismissed is ineffectual, both for the reason that the offer was

made subject to the ruling on demurrer, and that the obvious purpose of the paragraph of the answer relied upon as an offer to contract was to end the litigation in which the pleading was filed, that being the subject matter upon which it operated. The litigation having ended prior to the time the plaintiff attempted to accept the defendant's terms, the offer expired with it. Code § 20-108.

3. The offer of the defendant in a prior suit between the parties to pay a certain sum in extinguishment of its liability was not such a tender as to transfer the title to such sum to the plaintiff, under the reasons given in the decision of *Almand* v. *Northern Assurance Co.*, 89 *Ga. App.* 375 (79 S. E. 2d 411).

The trial court did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided July 12, 1955.

*O. J. Tolnas*, for plaintiff in error.

*Hamilton Lokey, Charles Lokey, Chappell Matthews*, contra.

The transaction from which the present writ of error developed has been the subject of protracted litigation which is here briefly set out. Mrs. Annie Laurie Reese, according to the allegations of the various petitions in the reported cases hereinafter referred to, had a policy of fire insurance with Northern Assurance Company on property which was destroyed by fire. Subsequently she died and Preston M. Almand, plaintiff in error here, was appointed administrator of her estate. On April 2, 1951, the insurance company filed an interpleader action which was later dismissed on demurrer. On April 6, 1951, the plaintiff in error filed an action on the policy. No process was attached to this petition and it was not served, due to an injunction feature of the interpleader suit, until after its dismissal in June, 1952. It was contended that the trial court was without authority to order process to be issued 14 months after the filing of the action. Demurrers were sustained and this petition dismissed on August 15, 1952, and on the same day the plaintiff in error filed another suit making substantially the same allegations. Thereafter, on August 22, 1952, he had certified a bill of exceptions in his first case. On that appeal this court held (*Almand* v. *Northern Assurance Co.*, 87 *Ga. App.* 193, 73 S. E. 2d 101), that that suit had been dismissed by the trial court because of lack of process, a defect not going to the merits, but that he had waived his right to except by filing

another suit on the same cause of action before having the bill of exceptions certified. The latter suit was dismissed on a plea of res judicata, that judgment was appealed, and this court held (*Almand* v. *Northern Assurance Co.*, 88 *Ga. App.* 664, 77 S. E. 2d 321) that the ruling of this court, and not the ruling of the trial court, was the law of the case on the question of whether or not the dismissal of the plaintiff in error's first action was such a judgment on the merits of the controversy as would preclude him from rebringing the action, and that, this court having held that the first decision was not a judgment on the merits, the plaintiff in error was not precluded from bringing his suit. However, on certiorari the Supreme Court (*Northern Assurance Co.* v. *Almand*, 210 *Ga.* 243, 78 S. E. 2d 788), reversed this judgment, and held that "in sustaining ground 1 of the demurrers to the petition as amended, the Superior Court of Clarke County—a court of competent jurisdiction—adjudicated solemnly and finally that the plaintiff had no cause of action growing out of the contract declared on, and therefore was not entitled to the relief sought." Thereupon the Court of Appeals (*Almand* v. *Northern Assurance Co.*, 89 *Ga. App.* 375, 79 S. E. 2d 411) vacated and reversed its former judgment. In that case it was further held that the tender into court by the insurance company in its answer of the amount which it admitted to be due to the plaintiff was not a valid tender, it having been made subject to the demurrers previously filed by the defendant in the case to the plaintiff's petition and not, therefore, being unconditional in nature, as a result of which, when the demurrers were sustained and the petition dismissed, it was impossible for the defendant to be held bound by the admissions made subject to demurrer.

On March 22, 1954, the plaintiff filed the petition which is the subject of this writ of error, alleging that, "on or about 12th day of August, 1952, said defendant communicated the standing offer to pay petitioner the balance principal of $1,570.66 with interest at 7% per annum [on said policy of fire insurance] from November 16, 1949, until February 19, 1951, on $2,800.00 and with interest at 7% per annum on $1,570.66 from February 19, 1951, to August 12, 1952, due on said policy upon receipt from petitioner of a receipt in full, a copy of which offer in writing is hereto attached marked Exhibit A"; that plaintiff did, on February 15,

1954, deliver to defendant a receipt in full, all of which constitutes an offer and acceptance, and that defendant refuses to pay the same. The document referred to as an offer and attached to the petition as an exhibit is an answer which, by reference to the record of file in this court, shows that it was filed in case no. 11200 in the Superior Court of Clarke County, July term, 1951, the same case brought to this court excepting to the rulings on demurrer and reported as *Almand* v. *Northern Assurance Co.*, 87 *Ga. App.* 193, supra. This answer was not a part of that record as the case was here on demurrer. It contains the following paragraph: "Further answering, this defendant shows that it stands ready and willing to pay the principal balance of $1,570.66 due on this policy plus all legal interest due thereon under the law upon receipt from petitioner of a receipt in full or upon the entry of a judgment in favor of petitioner in this case together with all lawful costs of this action."

General demurrers on the grounds in substance that no cause of action is stated and that the suit is predicated upon an isolated paragraph of an answer in a suit between the same parties which could have no legal effect except in the suit wherein it was filed were sustained and the petition dismissed. This ruling is assigned as error.