37849. HUDSON *et al. v.* SADTLER.

TOWNSEND, Judge. 1. "In order to render a promissory note a sealed instrument, it must be so recited in the body of the note. The mere addition of a seal after the signature of the maker is insufficient." *Jackson* v. *Augusta Southern R. Co.,* 125 *Ga.* 801 (54 S. E. 697). The note sued on in this case had no such recital in the body of the instrument, and, accordingly, although the maker's signature was followed by the word "Seal" the note was a simple contract with a six-year statute of limitations.

2. Allegations contained in an answer cannot be considered in passing on a demurrer to a petition, and even admissions in the answer will not serve to supply a defect which would otherwise render a petition subject to general demurrer. *Mu*

*Chapter Building Fund, Inc.* v. *Henry,* 204 *Ga.* 846 (51 S. E. 2d 841, 7 A.L.R. 2d 431) ; *Almand* v. *Northern Assurance Co.,* 92 *Ga. App.* 480 (1) (88 S. E. 2d 717).

3. Code § 3-901 provides as follows: "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or someone authorized by him." Code § 3-903 provides: "A payment entered upon a written evidence of debt by the debtor, or any other written acknowledgment of the existing liability, shall be equivalent to a new promise to pay." These sections were construed and applied in *Middlebrooks* v. *Cabaniss,* 193 *Ga.* 764 (20 S. E. 2d 10) to a situation where the date of a check by the defendant debtor to the payee of the note was sought to be used as a new point for the running of the statute of limitations on what would otherwise be a debt barred by the statute. The case was tried solely on the issue of whether the statute of limitations had attached, and assignments of error were made to the overruling of the demurrers to the petition and to the overruling of the motion for a new trial. It was there held that the acknowledgment of indebtedness, to constitute a point from which the limitation shall commence running, must be in writing and "must sufficiently identify the debt or afford the means by which it might be identified with reasonable certainty"; that a check in payment of a part of the indebtedness containing on its face the notation, "Payment on my and W. C. Moon note," was sufficient, in connection with the allegations that the note referred to was the note upon which the suit was predicated, and in connection with testimony that such notation on the check existed and that the note referred to was the only indebtedness of the maker to the payee, to constitute a written acknowledgment of indebtedness under the statute. But "even a definite promise or acknowledgment in writing, uncommunicated to the creditor (*Abercrombie* v. *Butts,* 72 *Ga.* 74, 76), or a communicated mere indefinite acknowledgment, which goes no further than to admit a general liability without identifying the debt or affording a means of identification, is insufficient. *Slack* v. *Sexton,* 113 *Ga.* 617 (38 S. E. 946) ; *Gartrell* v. *Linn,* 79 *Ga.* 700 (2), 703 (4 S. E. 918), and cit.; *Bulloch* v. *Smith,* 15 *Ga.* 395 (2), 398; *Martin* v. *Broach,* 6 *Ga.* 21 (4, 5), 30 (50

Am. Dec. 306); *Walker v. Griggs, 32 Ga.* 119, 127." *Middlebrooks* v. *Cabaniss,* 193 *Ga.* 764, 767, supra.

4. It follows that here, where the plaintiff's petition otherwise shows that the note sued on is barred by the statute of limitations, the cause of action is not aided by the allegation that the defendants entered into a *verbal* agreement with the plaintiff to revive and extend the indebtedness, which verbal agreement was *evidenced* by a written check signed by the defendant and made payable to the plaintiff, where there is no allegation that there was any written acknowledgment of indebtedness, on the check or elsewhere, and no notation on the check identifying it as a payment on the note in question. Accordingly, the petition was subject to the general demurrer interposed on the ground that it showed on its face the debt sued on was barred by the statute of limitations.

The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided September 24, 1959.

*Poole, Pearce & Hall, William F. Lozier,* for plaintiffs in error.
*G. Eugene Ivey,* contra.