## COOK v. COOPER.

1. SEALED INSTRUMENTS.—DEED with word "seal" near signature, but without scroll, held to be sealed instrument, and under act of 1899, 23 Stat., 48, which is rule of evidence, and applies to construction of deeds executed before its passage, it must be construed a sealed instrument, as its contents show that it was intention of parties to so make it.

2. EVIDENCE—PAROL DEED—CONSIDERATION.—In absence of fraud, it cannot be shown by parol that deed under seal is without consideration.

3. ON APPEAL, question of fact in law cannot be considered here.

4. DEED reserving to grantor life estate, with remainder to another, to take effect at death of grantor, is valid.

Before BUCHANAN, J., Greenville, July, 1900. Affirmed.

Action for possession of land by Mary J. Cook and others against Liney E. Cooper and others. From judgment for defendants, appellants appeal.

*Messrs. Julius H. Heyward* and *Ansel, Cothran & Cothran,* for appellants, cite: *Error to rule out evidence as to considerations of deed:* 1 McC., 514; 2 Hill, 404; 32 S. C., 164; 57 S. C., 413; 14 Johns, 410; 20 Johns, 341; 17 Mass., 257; 37 Mass., 250; 94 U. S., 306; 24 S. C., 1; 30 S. C., 467. *Deed void because grantor was of unsound mind at time of execution:* 94 U. S., 506; 24 S. C., 1; 30 S. C., 474;

46 S. C., 192; 57 S. C., 425. *Deed is void on face, being drawn to take effect in future:* 4 McC., 15; 2 Brev., 411; 2 Speer, 225. *Hence testamentary, and has only two witnesses:* 2 Speer, 225; 1 Speer Eq., 256; 2 Bail., 588; 17 S. C., 537; 24 S. C., 233; 16 Johns, 527. *Also void because without seal:* Rev. Stat., 1886; 1 McM., 373.

*Messrs. Carey & McCullough,* contra, cite: *Deed being under seal, evidence of no consideration improper:* 53 S. C., 483. *Duty of Court to construe deed so as to stand, if possible:* 35 S. C., 314. *Deed reserving life estate to grantor, with remainder to grantee, to take effect at death of grantor, is valid:* 54 S. C., 353, 362; 24 S. C., 228; 12 S. C., 564; 10 Rich., 66; 3 Rich. Eq., 454; 1 Rich., 161, 170; 1 Mill C. R., 48; 4 Mass., 135; 102 Mass., 533. *Deed of lunatic not under guardianship is only voidable:* 19 L. R. A., 489; 8 Rich. Eq., 286; 78 N. W., 917; 63 *Id.,* 990; 2 McC., 169; 19 S. C., 298; 25 S. C., 589; 33 S. C., 395. *Paper will be upheld as deed, being one in form:* 34 S. C., 401; 38 S. C., 417.

March 23, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for the recovery of real estate, and was tried in July, 1900. The plaintiffs are the next of kin of Andrew C. Griffin, who was shown to have been the common source of title. The defendants claim under a deed alleged to have been executed and delivered to them for value by the said Griffin. The plaintiffs claim that the said Griffin was so far *non compos mentis* at the time of the alleged execution of the deed as to have been unable to make a valid contract or conveyance; and further, that the deed in question is void upon its face, being so worded as to take effect *in futuro,* and not until the death of the grantor. Upon the trial, the plaintiffs proved the death of Andrew C. Griffin, their heirship and common source of title, and rested. The defendants proved their deed and

36—59

rested.   In reply, the plaintiffs introduced testimony to show that at the time the deed was executed the said Griffin was of unsound mind.   The jury rendered a verdict in favor of the defendants.   After service of the notice of appeal, plaintiffs' attorneys gave notice that they would move this Court for leave to file an additional exception to the effect that the deed is void for the reason that it is not under seal. It appears that the word "seal" is written near the signature of the grantor, but no scroll is drawn around it, and no mark in the nature of a seal appears on the deed.   His Honor construed the deed to be valid upon its face, and held that it conveyed to the defendants the fee in the land, reserving a life estate to the grantor.

We will next consider the questions presented by the exceptions as classified by appellants' attorneys, though not in the order in which they were argued by them.   1. They contend "that the alleged deed is void upon its face, being without a seal—that is to say, having nothing but the word 'seal' written below the signature, with no scroll or other symbol of a seal."   As it will be necessary to refer to the deed in considering other exceptions as well as in considering this question, we will set it out at length.   It is as follows: "The State of South Carolina, Greenville County.   Know all men by these presents, That I, Andy C. Griffin, of the State and county aforesaid, for and in consideration of one thousand dollars at and before the sealing of these presents in hand paid by Liny E. Cooper and his sister, Lula Cooper, of the State and county aforesaid, have granted bargained, sold and released and by these presents do grant bargain sell and release unto said Liney E. C. Cooper and Lula Cooper and that their mother Pamelia A. Cooper is to have support during her natural life or widowhood all of my Reaill Estate and Personally property (description of land).   The condition of this deed is *such* that the said Andy C. griffin shall have full power and controwl of all property mension in these presents during his natreal life but at my decease then these presents shall be in full fore and

effect. On the 10th day of February, 1885 I executed a deed to my wife Elizabeth F. Griffin but as she decased on the 30th day of August, 1895, that deed is null and void and that I am oner of said property and the only one that has the right to sell or convey Together with all and singler the rights, members, hereditaments and appurtinences to the said premises belonging or in any wise incident or appertaining, to have and hold all and singler the said premises under the said Liney E Coper and Lulia Coper their heirs and assigns forever and I do hereby bind myself, my heirs, executors, administrators, to warrent and for ever defend all and singular the said unto Liney E. Cooper and Lulia Cooper their heirs and assigned forever aginst myself, my heirs and agianst every other person or persons, lawfullyng claiming or to claim the same or any part. thereof. In witness whereof I hereunto sed my hand and seal this the 9th day of September in the year of Our Lord one thousand eight Hundred and ninety five and in the one hundred and nineteenth year of the Sovenaty of the Indipendants of the United States of America. A. C. Griffin seal Sign Sealed and Delivered in the presents of W. L. Morgan C. P. Potts." This question is conclusively settled against the appellants by the cases of *Trustees* v. *Bryson,* 34 S. C., 401; *Sullivan* v. *Latimer,* 38 S. C., 417, and *Heyward* v. *Farmers Co.,* 42 S. C., 138.

There is another reason why the exceptions raising this question cannot be sustained. In .1899, an act was passed providing: "That whenever it shall appear from the attestation clause, or from the other parts of any instrument in writing, that it was the intention of the party or parties thereto that said instrument should be a sealed instrument, then said instrument shall be construed to be and shall have the effect of a sealed instrument, although no seal be actually attached thereto"—Acts of 1899, 23 Stat., p. 48. As this was intended merely as a rule of evidence, it was applicable to all cases tried after its adoption.

2. The appellants also contend "that his Honor, the Cir-

cuit Judge, erred in ruling out the question put to the wit-
ness, W. L. Morgan, as to whether or not the purchase
money had been paid." This witness was examined
by the defendants to prove the execution of said deed.
During his cross-examination by the plaintiffs' attor-
neys, he was asked whether the consideration set out in the
deed was paid. Upon objection by defendants' attorneys,
his Honor ruled that the question was not competent. The
ruling of the Circuit Judge must be considered with refer-
ence to the issue before the Court at the time it is made and
not the state of facts thereafter developed.. Fraud was not
made an issue by the pleadings, nor had any testimony been
offered tending to show fraud at the time the presiding Judge
was called upon to rule on the competency of the question.
The only effect which .the testimony could have had would
have been to show that the deed was without consideration.
This could not be shown, for the reason that a seal imports
a consideration. *Brown* v. *Brown,* 44 S. C., 378; *Whitmire*
v. *Boyd,* 53 S. C., 315; *Koster* v. *Welch,* 57 S. C., 95.

3. The appellants further contend, "that the deed is void
for the reason that Andrew C. Griffin was of unsound
mind and had not mental capacity to make a deed at
the time referred to." This only involves a question
of fact, and cannot be considered by this Court in a law case.

4. The next contention of the appellants is "that the
alleged deed is void upon its face, being drawn to take effect
*in futuro."* The statute of uses made of force in this State
changed the rule of the common law. Rev. Stat.,
sec. 2089, *et seq.* The following language in the
case of *Cribb* v. *Rogers,* 12 S. C., 564, is applicable to
the case under consideration, to wit: "The only question af-
fecting the validity and operation of the deed as sufficient to
pass a fee in the lands conveyed, arises out of the words,
'reserving for myself the use of said lands during my natural
life only.' The fact that the usufruct is separated from the
fee, is not inconsistent with the vesting of the fee. The
grantor may convey the fee to one, and the usufruct to

another, hence the reservation of the usufruct to himself violates no rule governing the vesting of the fee. The grantee takes the fee burdened with a use in favor of the grantor for his natural life." For an able discussion of this subject, see 19 A. & E. Enc., 1056, *et seq.*

5. Lastly, the appellants contend "that the alleged deed is void upon its face, being drawn to take effect after the death of grantor, hence in its nature testamentary, and witnessed by but two witnesses." This question is disposed of by what has already been said.

It is the judgment of this Court, that the judgment of the Circuit Court is affirmed.