A96A1393. LANDMARK ENGINEERING, INC. v. COOPER et al.

(476 SE2d 63)

ANDREWS, Judge.

The Coopers sued Landmark Engineering in 1994, claiming its surveyor negligently prepared a plat of their property in 1984. On the plat, the surveyor signed his name and attached his seal showing him to be a legally registered professional. Landmark moved for summary judgment based on the expiration of the four-year statute of limitation for professional negligence, OCGA § 9-3-25. The trial court denied the motion, finding the plat to be an "instrument under seal" governed by a 20-year limitation period under OCGA § 9-3-23. We granted Landmark's application for interlocutory appeal and reverse.

Without addressing whether this plat is an "instrument" within the meaning of OCGA § 9-3-23,[1] it does not qualify as an "instrument under seal." First, "[n]o instrument shall be considered under seal unless so recited in the body of the instrument." OCGA § 9-3-23. Although there is a printed paragraph on this plat, it is illegible in every copy of the plat contained in the record. Regardless of what that paragraph contains, the Coopers have not argued that any of this writing shows the surveyor's intent to bind his signature under seal. *Hudson v. Sadtler*, 100 Ga. App. 232 (1) (110 SE2d 706) (1959). Furthermore, the "seal" involved in this case is merely a stamp which shows that the surveyor is properly registered with the state. OCGA § 43-15-22 requires each registered surveyor to affix this stamp, which contains his name and registration number, to every plat, specification, plan, or report he produces. Although this seal ensures the surveyor takes responsibility for his work, nothing in the statute indicates that by requiring the stamp the legislature intended to create a 20-year statute of limitation for any cause of action arising from a stamped plat, survey, plan, or report. See *Consolidated Mgmt.*

---

[1] Landmark contends the plat is not a contract or other legal instrument but is, rather, the final product of an oral agreement between the parties to provide a service: preparation of a survey and plat.

*Svcs. v. Halligan*, 186 Ga. App. 621, 622 (1) (368 SE2d 148) (1988), holding the four-year limitation period of OCGA § 9-3-25 applicable to actions for professional malpractice.

As the record reveals without question that any applicable statute of limitation passed long before this suit was filed, and nothing in the record raises an issue of tolling, we reverse the trial court's denial of Landmark's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 13, 1996.

*Fortson, Bentley & Griffin, Walter W. Hays, Jr., Robert N. Elkins,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, Robert M. Malcom, Johnson & Freeman, Horace J. Johnson, Jr.,* for appellees.

