609 S.E.2d 548

CAROLINA MARINE HANDLING, INC., Plaintiff,

v.

Warren Frank LASCH; Duane Grantham; Jack C. Sprott; Richard Lee Tapp, R. Keith Summey, Douglas McKay, III, Robert N. King, Don J. Hayes; W. Kurt Taylor; Gussie C. Greene; Stephen R. Ayer; Samuel L. Hart; A.C. Mitchum; Charlotte Gillespie; Dorothy K. Williams; Phoebe Miller; F. Browne Gregg; City of North Charleston; Charleston Naval Complex Redevelopment Authority; South Carolina State Budget and Control Board; S.C. State Ports Authority; Charleston Shipbuilders, Inc.; Charleston International Projects, Inc.; Charleston International Ports, LLC, Opportunity Research, Inc., Defendants,

Charleston Shipbuilders, Inc., Third–Party Plaintiff,

v.

Herbert R. "Jock" Stender, Third–Party Defendant,

Of Whom: Charleston Shipbuilders, Inc. is Appellant,

and

Carolina Marine Handling, Inc. and Herbert R. "Jock" Stender are Respondents.

No. 3927.

Court of Appeals of South Carolina.

Submitted Nov. 1, 2004.

Decided Jan. 24, 2005.

Rehearing Denied March 17, 2005.

David J. Parrish and Stephen P. Groves, Sr., both of Charleston, for Appellant.

M. Dawes Cooke, Jr. and John W. Fletcher, both of Charleston, for Respondents.

KITTREDGE, J.

In this breach of contract action involving a non-sealed instrument, the circuit court dismissed Appellant's counter-claim and third party claim on the basis that the claims were barred by the general three-year statute of limitations. S.C.Code Ann. § 15-3-530(1) (Supp.2003). Relying solely on the generic contract provision—"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals"—Appellant seeks to invoke the twenty-year statute of limitations applicable to "sealed instruments." S.C.Code Ann. § 15-3-520(b) (Supp.2003). We concur with the circuit court and find the parties to the contract did not intend the contract to be under seal. The circuit court, therefore, properly applied the general three-year statute of limitations and dismissed Appellant's claims. We affirm.

## FACTS

Carolina Shipbuilders, Inc. (CSI) leased property on the former Charleston Naval Base Shipyard in December 1996 from the Charleston Naval Complex Redevelopment Authority (RDA). CSI later subleased the property to Carolina Marine Handling, Inc. (CMH). Among other things, the lease contract required CMH to make monthly rent payments to CSI.

RDA terminated its lease with CSI in May 1999, alleging CMH failed to make all required rent payments. CMH brought the present action against CSI and others in May

2002. In November 2002, CSI answered and counterclaimed against CMH, alleging CMH breached its contract by failing to pay rent to RDA, resulting in RDA's termination of its lease with CSI. CSI also filed a third party complaint against Herbert R. Stedner, CMH's sole owner.

CMH and Stedner sought dismissal based on the general three-year statute of limitations. CSI countered with the argument that the lease contract was made under seal and was subject to the twenty-year statute of limitations. The circuit court found the contract was subject to the three-year statute of limitations and dismissed CSI's claims. This appeal followed.

## DISCUSSION

### I.

The lease provides in part: "IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this _____ day of December, 1996." The date of the contract's execution was written in the appropriate blank space, and the parties signed the contract. In essence, CSI asserts this language, standing alone, evidences the parties' intent to seal the contract as provided by South Carolina Code section 15–3–520(b) of the South Carolina Code.[1] We disagree.

As a general rule, a three-year statute of limitations applies to contract actions in South Carolina. S.C.Code Ann. § 15–3–530(1) (Supp.2003). Section 15–3–520 provides a twenty-year statute of limitations for certain actions. S.C.Code Ann. § 15–3–520 (Supp.2003). It is the "sealed instrument" provision of section 15–3–520(b) on which CSI rests its hopes to avoid application of the standard statute of limitations. Section 19–1–160 provides:

Whenever it shall appear from the attestation clause or from any other part of any instrument in writing that it was the intention of the party or parties thereto that such instrument should be a sealed instrument then such instrument shall be construed to be, and shall have the effect of, a

---

1. CSI makes no argument that its counterclaim is timely under the three-year statute of limitations.

sealed instrument although no seal be actually attached thereto.

S.C.Code Ann. § 19–1–160 (1976).

The clear language of section 19–1–160 imposes a statutory rule of evidence and requires that the determination—of whether a non-sealed instrument should be considered a sealed instrument—be gleaned from the instrument. If it appears from a non-sealed instrument that the parties intended for the contract to be sealed, it will be deemed sealed. We recognize that a non-sealed instrument may include provisions and indicia that evidence an intent that the contract "be construed [as] a sealed instrument." *Id.* Two decisions of this court have found the requisite intent where no seal was placed on the contract.

In *Treadaway v. Smith,* 325 S.C. 367, 479 S.E.2d 849 (Ct.App.1996), we considered whether a non-sealed separation agreement entered into by former spouses was intended to be a sealed instrument, and thus subject to the twenty-year statute of limitations.[2] The agreement included future, contingent obligations, especially as related to Smith's responsibility for a portion of the parties' children's educational expenses. The agreement further contained the standard attestation clause—"In WITNESS WHEREOF, the parties have hereunto set their respective Hands and Seals"—found in many contracts. *Id.* at 378, 479 S.E.2d at 855. Immediately following this standard language in conspicuous type, was:

SIGNED SEALED AND DELIVERED IN THE PRESENCE OF

[signatures of parties and witnesses]

*Id.* We concluded that the language manifested the parties' intent to create a sealed instrument.

---

**2.** The separation agreement in *Treadaway* retained its separate contractual character because it was executed prior to our supreme court's decision in *Moseley v. Mosier,* 279 S.C. 348, 306 S.E.2d 624 (1983). In *Moseley,* the court held that jurisdiction for all subsequent domestic matters, whether by decree or agreement, vested in the family court. *Id.* at 353, 306 S.E.2d at 627. *Moseley* further recognized that previously executed separation agreements which were incorporated, but not merged, into a divorce decree retained their separate contractual character. *Id.*

We similarly construed a non-sealed instrument in *South Carolina Department of Social Services v. Winyah Nursing Homes, Inc.*, 282 S.C. 556, 320 S.E.2d 464 (Ct.App.1984). Following the standard language—"the parties hereto have set their hands and seals"—the contract noted "L.S." adjacent to the contracting parties' signatures. *Id.* at 561, 320 S.E.2d at 467. The inclusion of L.S. was a significant feature in *Winyah Nursing Homes,* for L.S. is an abbreviation for *Locus sigilli,* which means "the place of the seal; the place occupied by the seal of written instruments." L.S. usually appears on documents in place of, and serves the same purpose as, a seal. *Black's Law Dictionary,* 948 (6th ed.1990); *see* 68 Am.Jur.2d *Seals* § 6 (2004) (Use of the notation "L.S." is generally held as applicable to replace a physical seal on a document). Accordingly, we found the parties intended the contract in *Winyah Nursing Homes* to be a sealed instrument.[3]

█ In the case before us, we find the parties did not intend to create a sealed instrument. The sophisticated parties to this lease arrangement could have easily manifested an intent to create a sealed instrument if they were so inclined. We recognize that CSI, by necessity of the posture of the case, must advance the argument that the standard attestation—"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals,"[4] compels a finding that the parties

---

**3.** Our supreme court addressed a similar issue in *Cook v. Cooper,* 59 S.C. 560, 38 S.E. 218 (1901), although for purposes unrelated to the applicable statute of limitations. In *Cook,* the validity of a deed was at stake, and appellants argued the "deed is void for the reason that it is not under seal." *Id.* at 560, 38 S.E. at 219. While the deed lacked a seal "upon its face," the following three features were present: (1) the deed provided an attestation, "In witness whereof I hereunto sed [sic] my hand and seal this...;" (2) immediately adjacent to the grantor's signature was the word "seal;" and (3) the deed concluded with "Signed, Sealed and Delivered in the presents [sic] of [names of witnesses]." *Id.* The supreme court relied in part on the predecessor to section 19–1–160 and found that a sealed instrument had been intended.

**4.** The parties did not "set" their "seals" on the contract, and the contract does not otherwise evidence an intent to create a sealed instrument. Similarly, the parties executed a hold harmless agreement which contained the following attestation clause: "**WITNESS** the following signatures and seals." Only signatures followed, and again, the

intended to create a sealed instrument. We further recognize, however, that such generic language is common in non-sealed contracts of all types. Were we to construe this boilerplate attestation clause, *by itself,* as requiring a finding of intent to create a sealed instrument in an otherwise non-sealed instrument, we would likely transform the twenty-year statute of limitations into the standard period of limitations for contract actions in this state. We adhere to our general three-year statute of limitations for most contract actions and acknowledge the availability of the twenty-year limitations period where the contract clearly evidences an intent to create a sealed instrument.[5]

"Statutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs." *Moates v. Bobb,* 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct.App.1996). The cornerstone policy consideration underlying statutes of limitations is the laudable goal of law to promote and achieve finality in litigation. *See Webb v. Greenwood County,* 229 S.C. 267, 276, 92 S.E.2d 688, 691 (1956); *City of North Myrtle Beach v. Lewis–Davis,* 360 S.C. 225, 231, 599 S.E.2d 462, 464 (Ct.App.2004). Significantly, "[s]tatutes of limitations provide potential defendants with

related hold harmless agreement contains no evidence the parties intended to create a sealed instrument.

**5.** We have previously rejected other efforts to escape the barring effect of the standard three-year statute of limitations for contact actions. For example, in *Republic Contracting Corp. v. South Carolina Dep't of Highways & Pub. Trans.,* 332 S.C. 197, 503 S.E.2d 761 (Ct.App.1998), appellant argued the presence of "sealed instruments because [one of the parties] placed its professional engineer seal and endorsement on the plans pursuant to statutory requirement." *Id.* at 205, 503 S.E.2d at 766. The suggestion that a statutorily mandated seal created a sealed instrument for statute of limitations purposes was dismissed, as we held that "[n]othing in the text of [the statute] leads to the inference that a purpose of the mandate for affixing a seal ... is to extend the time in which an action can be brought ...." *Id.* at 205–06, 503 S.E.2d at 766 (citing *Landmark Eng'g, Inc. v. Cooper,* 222 Ga.App. 752, 476 S.E.2d 63 (1996)) (holding that a statute requiring the stamp of a registered surveyor on certain documents ensures only that the surveyor takes responsibility for the work but does not allow a plaintiff to bring an action within the limitations period prescribed for documents under seal).

certainty that after a set period of time, they will not be hailed [sic] into court to defend time-barred claims." *In re Elkay Indus., Inc.,* 167 B.R. 404, 408 (D.S.C.1994). "Moreover, limitations periods discourage plaintiffs from sitting on their rights." *Id.* at 408–09. Statutes of limitations are, indeed, fundamental to our judicial system.

The result we reach today, we believe, harmonizes the intent of the Legislature with respect to the general three-year statute of limitations in section 15–3–530 with the ability of contracting parties to create sealed instruments pursuant to section 19–1–160 and thereby invoke the twenty-year limitations period in section 15–3–520(b).

## II.

CSI alternatively argues that its claim against Stender remains viable notwithstanding the three-year limitations period. We affirm the dismissal of CSI's third party complaint against Stender pursuant to Rule 220(b)(2), SCACR, and the following authorities: *Maher v. Tietex Corp.,* 331 S.C. 371, 376–77, 500 S.E.2d 204, 207 (Ct.App.1998) ("The discovery rule determines the date of accrual for a breach of contract action[,]" and "[p]ursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence"); *Rumpf v. Mass. Mut. Life Ins. Co.,* 357 S.C. 386, 394–95, 593 S.E.2d 183, 187 (Ct.App.2004) (noting that the "exercise of reasonable diligence" means "that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist"); *Republic Contracting Corp. v. South Carolina Dep't of Highways & Pub. Trans.,* 332 S.C. 197, 208, 503 S.E.2d 761, 767 (Ct.App.1998) ("The statute of limitations begins to run when a plaintiff knows or should know of a potential claim against another party, not when the plaintiff develops a full-blown theory of recovery.").[6]

---

6. The claim of CSI against Stender is one to pierce the corporate veil. We recognize that an attempt to pierce the corporate veil often occurs

## CONCLUSION

We find the presence of a standard attestation clause—such as, "IN WITNESS WHEREOF, the parties have hereunto set their hands and seals"—in an instrument which is neither sealed nor required to be sealed is insufficient, standing alone, to create a sealed instrument under section 19–1–160. We, therefore, find the parties to the December 1996, non-sealed contract did not intend to create a sealed instrument. Consequently, we find the claims of CSI barred by the general three-year statute of limitations under section 15–3–530. The circuit court's dismissal of CSI's claims against CMH and Stender is

**AFFIRMED.**

HUFF, and BEATTY, JJ., concur.

post-judgment, and the issue comes to us in somewhat of an unusual posture. Our summary disposition of this issue—the attempted application of the discovery rule to toll the commencement of the statute of limitations—is simply a response to the narrow issue as framed in the circuit court and on appeal.