**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bigford Enterprises, Inc., Bishop & Associates, Inc. d/b/a "Bishop Brick and Construction," and McBride Building Supplies and Hardware, Inc., Appellants,

v.

D.C. Development, Inc. n/k/a D.C. Development & Construction, LLC By Way of Articles of Conversion and David Cox, Respondents.

Appellate Case No. 2014-001033

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-330
Submitted April 1, 2015 – Filed July 1, 2015

**REVERSED AND REMANDED**

Aimee Victoria-Ann Leary and Wendell Leon Hawkins, both of Wendell L. Hawkins, PA, of Greer, for Appellants.

William E. Booth, III, of Booth Law Firm, LLC, of West Columbia, for Respondents.

**PER CURIAM:**  Reversed and remanded pursuant to Rule 220(b), SCACR, and the following authorities:  *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 192, 463 S.E.2d 641, 643 (Ct. App. 1995) ("An action to pierce the corporate veil is one in equity."); *Dixon v. Dixon*, 362 S.C. 388, 400, 608 S.E.2d 849, 855 (2005) ("This [c]ourt has held that the statute of limitations does not apply to actions in equity.").[1]

**REVERSED AND REMANDED.**[2]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We do not read *Carolina Marine Handling, Inc. v. Lasch*, 363 S.C. 169, 609 S.E.2d 548 (Ct. App. 2005), as creating a statute of limitations for actions to pierce the corporate veil.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.