**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JMT Capitol Holdings, LLC, Plaintiff,

v.

VDM/T Land Company, LLC, and Daufuskie Island Properties, LLC, Defendants,

and

Daufuskie Island Properties, LLC, and its successor in interest, Ace Basin Investments, Appellant,

v.

Raymond Travaglione, Respondent.

Appellate Case No. 2014-002290

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2016-UP-525
Submitted August 31, 2016 – Filed December 21, 2016

**AFFIRMED**

Lindsey W. Cooper, Jr. and Margarete Linsay Allio, both of The Law Offices of L.W. Cooper, Jr., of Charleston, for Appellant.

Kirby D. Shealy, III, of Adams and Reese LLP, of Charleston, for Respondent.

---

**PER CURIAM:** Daufuskie Island Properties, LLC (Daufuskie) appeals the master-in-equity's order dismissing its third-party complaint against Raymond Travaglione, arguing the master erred in (1) failing to consider its argument that the statute of limitations is governed by section 15-3-520(a) of the South Carolina Code (2005) and (2) finding the three-year statute of limitations applied because the guaranty agreement was not a sealed instrument. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master-in-equity erred in failing to consider Daufuskie's argument that the applicable statute of limitations is governed by section 15-3-520(a) of the South Carolina Code (2005): *S.C. Dep't of Transp. v. M & T Enter. of Mt. Pleasant, LLC*, 379 S.C. 645, 658-59, 667 S.E.2d 7, 14-15 (Ct. App. 2008) (finding the issue unpreserved when the master did not address it and the appellant did not file a Rule 59(e) motion); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (stating an issue may not be considered on appeal when it has not been ruled upon by the trial court or raised in a post-trial motion).

2. As to whether the master-in-equity erred in finding the guaranty was not a sealed instrument and in applying the three-year statute of limitations provided in section 15-3-530(1) of the South Carolina Code (2005): Rule 56(c), SCRCP (stating summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); S.C. Code Ann. § 15-3-530(1) (providing a three-year statute of limitations for actions "upon a contract, obligation, or liability" except as "provided for in section 15-3-520"); S.C. Code Ann. § 15-3-520(b) (2005) (providing a twenty-year statute of limitations for actions "upon a sealed instrument"); S.C. Code Ann. § 19-1-160 (2014) (stating a nonsealed instrument "shall be construed to be, and shall have the effect of, a sealed instrument" even though a seal is not actually attached when it appears from the instrument that it was the intention of the party or parties to create a sealed instrument); *Carolina Marine Handling, Inc. v. Lasch*, 363 S.C. 169, 175, 609 S.E.2d 548, 552 (Ct. App. 2005) ("We adhere to our general three-

year statute of limitations for most contract actions and acknowledge the availability of the twenty-year limitations period [when] the contract clearly evidences an intent to create a sealed instrument."); *id.* at 177, 609 S.E.2d at 553 (applying the three-year statute of limitations because the language "IN WITNESS WHEREOF, the parties have hereunto set their hands and seals," by itself, was insufficient to create a sealed instrument); *id.* at 175, 609 S.E.2d at 552 ("Were we to construe this boilerplate attestation clause, *by itself*, as requiring a finding of intent to create a sealed instrument in an otherwise non-sealed instrument, we would likely transform the twenty-year statute of limitations into the standard period of limitations for contract actions in this state.").

**AFFIRMED.**[1]

**HUFF, SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.